**In the Matter of SHELL OIL COMPANY, Petitioner.**

No. 92–1709.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 1992.

Decided Aug. 6, 1992.

See also 966 F.2d 1130.

---

Vincent H. Venker, II, Coburn, Croft & Putzell, St. Louis, Mo., Thomas M. Zulim, Houston, Tex., for petitioner.

Joseph A. Bartholomew, Cook, Shevlin, Keefe, Ysursa, Brauer & Bartholomew, Belleville, Ill., for respondent.

Before CUDAHY, COFFEY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

In compliance with the partial writ of mandamus issued on July 1, 966 F.2d 1130, the district judge has explained why he remanded this case to state court. That explanation appears as an appendix to this opinion.

After Congress amended 28 U.S.C. § 1332 to raise the jurisdictional amount in diversity cases to $50,000, the district judge adopted the practice of remanding any case in which the plaintiff files an affidavit or stipulation limiting the recovery to less than the jurisdictional amount. This practice is inconsistent with *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), which holds that a post-removal amendment to the complaint limiting the plaintiff's claim does not authorize a remand. Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint.

When a district judge remands a properly-removed case because of subsequent events, this court has both the authority and the duty to rescind that remand. See *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708–09 (7th Cir.1992). This case was properly removed. Whatever one makes of *Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir.1990), vacated on grant of rehearing in banc, 923 F.2d 47, dismissed after settlement, 947 F.2d 736 (1991), which

our original opinion discusses, the district judge did not rely on its theory. Instead the district judge wrote that the allegation in plaintiff's complaint was unauthorized by Illinois law—is indeed forbidden by Illinois law—and could have been stricken from the complaint by the state court. This means that the factual allegations of the complaint, and not empty words setting an illusory cap on damages, inform the jurisdictional inquiry. Plaintiff's complaint, alleging breach of a contract to pay $70,000 per year, shows that the amount in controversy exceeds $50,000, putting the post-removal stipulation to one side. Because the complaint itself satisfies the jurisdictional requirements, we need not decide what weight to give to allegations in the petition for removal. Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.

The petition for a writ of mandamus is granted. The district court shall rescind the order remanding the case to state court.

APPENDIX

In the United States District Court

for the Southern District of Illinois

EARL DENNLER, Plaintiff,

v.

SHELL OIL COMPANY, Defendant.

NO. 91 916 WLB

ORDER

At the direction of the Court of Appeals for the Seventh Circuit in the matter of "Shell Oil Company, petitioner, No. 92 1709" by their order of July 1, 1992, we expand the order of this court entered on March 3, 1992 remanding the cause to the state court.

Paragraph 2–604 of Chapter 110, Illinois Revised Statutes, prohibits the pleading of a specific ad damnum except to the minimum extent necessary to comply with the

circuit rules of assignment. What this means as a practical matter is that the plaintiff, in filing his complaint, may only indicate that he is seeking in excess of or less than Fifteen Thousand Dollars (the critical amount for the assignment in the state circuit court). He may not ask for a specific sum. This, of course, creates a problem in those cases where, because of diversity, the defendant desires to remove to the federal courts. Unless there have been negotiations or settlement discussions prior to the filing of the claim, the defendant usually has no realistic method of evaluating whether the claim is in excess of our jurisdictional amount of Fifty Thousand Dollars.

In this case, seeking to obviate that problem, the plaintiff, in his prayer, asked for "an amount in excess of Fifteen Thousand Dollars but less than Fifty Thousand Dollars" to alert the defendant to the fact that he was claiming less than the jurisdictional amount.

Recognizing that the prayer in the complaint limiting the claim to less than Fifty Thousand Dollars was not only improper under the provisions of Illinois Revised Statutes, Ch. 110, ¶ 2–604 but not binding and controlling of the final recovery, the defendant removed the cause to this court. Having been faced with this problem in previous cases since the increase of the jurisdictional amount to Fifty Thousand Dollars, this court has adopted the practice of requiring plaintiffs who contend that the amount in controversy is less than Fifty Thousand Dollars at the time of removal, to file an affidavit or a stipulation signed by counsel and the plaintiff limiting the recovery to less than the jurisdictional amount.

Although the plaintiff's prayer for an amount "less than $50,000" was subject to a motion to strike in the state court, it nevertheless, when considered with the stipulation, supports a finding that the amount in controversy at the time of removal was less than the jurisdictional amount. For that reason the case was remanded.

IT IS SO ORDERED.

DATED: This 21 day of July, 1992.

/s/ W.L. Beatty
WILLIAM L. BEATTY
United States District Judge