Elmer L. ODER, Sr. and Carol Oder,
husband and wife, Plaintiff,

v.

BUCKEYE STATE MUTUAL
INSURANCE, Defendant.

No. NA 92–84 C.

United States District Court,
S.D. Indiana,
New Albany Division.

Dec. 16, 1992.

David L. Zerbe, Lawrenceburg, for plaintiff.

Burton M. Harris, Nicholas C. Pappas, Locke, Reynolds, Boyd & Weisell, Indianapolis, for defendant.

ORDER

BARKER, District Judge.

Plaintiffs seek reconsideration of the Court's earlier denial of their motion to remand this case to state court following defendant's removal of it to this forum. This judge invited this reconsideration by her ruling on September 30, 1992, in which she noted that the plaintiffs' complaint, though lacking any specific amount as its prayer for damages, asserted in general terms a claim whose value could theoretically exceed $50,-000. As such, their claim met the conditions of federal diversity jurisdiction.[1]

■ In a subsequent filing, which is technically more in the nature of a supplemental motion, rather than a motion to reconsider, plaintiffs have now "certified" that they do not seek a recovery in any amount in excess of $50,000. The Court construes this "certification" as a covenant by which plaintiffs promise either not to request a recovery in excess of $50,000 (including attorneys fees) or, if they should somehow receive such an award, not to execute on that judgment. That covenant, now made, binds the plaintiffs in this action and operates as an amendment to their complaint. Accordingly, the Court shall permit this cause to be remanded to state court for further proceedings.

■ This court is mindful of the holding in *St. Paul Mercury Indemnity Co. v. Red Cab Co., Inc.* (1938), 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, cited by defendant in its objections to the motion to reconsider. That decision is understood to prohibit attempts to amend a complaint after removal to limit recovery below the jurisdictional limit so to deprive the district court of jurisdiction. The difference between the holding in *St.*

1. Though initially argued by plaintiffs as a basis for their motion to remand, the required diversity of citizenship between these parties seems clearly satisfied.

*Paul* and the case at bar is that the complaint here contained no specific dollar allegations representing damage amounts. Thus, when defendant sought removal, it was defendant's contention that the amount in controversy exceeded $50,000. Plaintiffs have, with their supplemental pleading, made their first assertions in this regard; they have not amended any prior contention.

It is likely that this lack of specificity in plaintiffs' complaint arose from an application of a recent amendment to Trial Rule 8(A)(2), Indiana Rules of Trial Procedure, which directs Indiana lawyers *not* to allege specific dollar amounts in the prayers for relief incorporated in certain of their complaints. This federal district court, in adopting Local Rule 81.3, anticipated the problem which resulted from the amendment to Trial Rule 8(A)(2) and with which it must now contend. Local Rule 81.3 provides:

> In any petition seeking the removal to this Court of any action in which unspecified monetary damages are sought for alleged personal injury or death and removal is premised in part or in whole on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the petitioner shall certify that the amount of damages at issue satisfies the jurisdictional amount requirement and, unless the case is remanded, the plaintiff shall, within thirty (30) days following such removal, amend the complaint to comply with the jurisdictional amount requirements.

It is, therefore, quite clear that plaintiffs' "certification" in this case constitutes their initial allegation as to the amount of damages at issue. Had plaintiffs agreed with defendant's characterization that the amount in controversy exceeded $50,000., they would have been obliged under the local rule to amend their complaint within thirty days following the removal to assert their monetary damage claim. Instead, they disagreed with defendant's contention and have so certified to the defendant and to this court. Ideally, plaintiffs would have asserted their damage contention in their original motion to remand as a basis for relief, instead of having referred to such irrelevancies as the prior settlement discussions between the parties as a way of measuring the "value" of this controversy. Nonetheless, their certification accomplished the goal incorporated in the Local Rule procedures outlined above by expressing in explicit terms the plaintiffs' damage contention.

 Though a motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal, pursuant to 28 U.S.C. § 1447(c), a case can be, and must be remanded by the district court whenever it appears that the district court lacks subject matter jurisdiction, so long as that awareness of an absence of jurisdiction occurs prior to a final judgment. The motion to remand in this case was not asserted on the basis of any technical defect in the removal procedure, rather it went to the issue of this court's subject matter jurisdiction. Accordingly, the motion to remand is well-taken and timely, and it must be granted.

For the reasons stated above, this cause is remanded to the Superior Court of Switzerland County, Indiana.

It is so ORDERED.