Denis **TOKARZ** and Shirley Tokarz, Plaintiffs,

v.

**TEXACO PIPELINE INC.,** et al., Defendants.

No. 94 C 4471.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 2, 1994.

---

Frank Celani, Lansing, IL, for plaintiffs.

Joseph A. Girardi, O'Connor, Schiff & Myers, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This is the second time that defendants in this action, which stems from personal injuries sustained by Denis Tokarz ("Denis"), have sought to move it down Dearborn Street from the Circuit Court of Cook County to this District Court via a notice of removal. This current trip appears to be just as bootless as the first one, so that in the absence of a satisfactory response to the issue that will be identified in this sua sponte memorandum opinion and order, once again the case will be remanded to the state court.

Denis and his wife Shirley Tokarz ("Shirley") have sued four defendants—Texaco Pipeline Inc., Texaco Refining and Marketing Inc. and Texaco Trading and Transportation Inc. (collectively "Texaco Defendants") and Imperial Crane Service Inc. ("Imperial")—in consequence of an accident that Denis suffered in the course of a construction project. When on September 8, 1993 the then defendants (two of the Texaco Defendants) first sought to remove the case on diversity-of-citizenship grounds in Case No. 93 C 5501, this Court swiftly issued a September 13, 1993 sua sponte memorandum opinion and order (the "Opinion") remanding the action because it plainly reflected that the required more–than–$50,000 jurisdictional amount was not in controversy. At the same time the Opinion pointed out the potential availability of the procedure that this Court had suggested in dissent in *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 371–78 (7th Cir.1993) (a procedure that the *Shaw* majority had characterized as "eminently sensible" and therefore "recommend[ed] it to removal-minded defendants in Illinois," *id.* at 367).

Since then Texaco Defendants have served the *Shaw*-suggested interrogatories on both Denis and Shirley. According to Notice of Removal ("Notice") ¶ 4, Texaco Defendants have learned that Denis will indeed claim in excess of $50,000, but that Shirley's loss-of-consortium claim is for less than that watershed amount. Nonetheless their current Notice is sought to be based solely on the amount of Denis' claim (Notice ¶ 8).

It may be assumed arguendo for present purposes (although Notice ¶ 4 is unclear in that respect, for it does not specify just *when* "Plaintiffs' counsel has advised counsel for the Texaco defendants that Mr. Tokarz will claim in excess of $50,000" [1]) that the Notice is timely under 28 U.S.C. § 1446(b).[2] And all four relevant defendants have joined in or consented to the removal—Texaco Defendants by actual joinder and Imperial by consent.[3] But those components alone do not suffice, and Texaco Defendants' counsel have continued to ignore the relevant statutory provisions that bar removal.

If this action had been brought by Denis alone, there would be no problem: Total diversity of citizenship is present, and he has confirmed the existence of the requisite amount in controversy. But this Court has no subject matter jurisdiction over Shirley's linked claim—that is the teaching of the seminal decision in *Zahn v. International Paper Co.*, 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973), and it has not been changed by Section 1367's later enactment of the concept of supplemental jurisdiction (in that respect see this Court's opinion in *Griffin v. Dana Point Condominium Ass'n*, 768 F.Supp. 1299, 1300–02 (N.D.Ill.1991); and cf., e.g., *Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir.1990), cited and quoted in the Opinion).

Because of the December 1, 1990 amendment to Section 1441(c), that lack of subject

---

1. If the date of that advice was more than 30 days before the current July 22, 1994 Notice, the removal would be untimely unless Denis and Shirley were to waive that defect.

2. All further references to Title 28's provisions will simply take the form "Section—."

3. Denis' employer Tri–Fab Construction Co. has not joined in the Notice, but it is solely a respondent in discovery under Illinois procedure (735 ILCS 5/2–402).

matter jurisdiction over one of the two substantive claims in the Complaint also forecloses the availability of removal of this action as such. Before that amendment it was possible for defendants to remove any case that contained both an independently removable claim and one or more non-removable claims (after which the District Court would sort out the questions of retention or nonretention of the latter). But Congress has now expressly limited such removals to actions in which the removable claim is grounded in *federal-question* jurisdiction, specifically eliminating any such possibility in *diversity* cases such as this one (see Professor David Siegel's Commentary on 1988 and 1990 Revisions of Section 1441, 28 U.S.C.A. § 1441 at 8–10 (West 1994)).

This Court therefore sees no escape from the conclusion that this action must again be remanded to the Circuit Court of Cook County under Section 1447(c) for lack of subject matter jurisdiction. But to give the litigants an opportunity to respond to the matters set out in this opinion, this Court will delay the entry of its order of remand and the consequent mailing of the certified copy of the remand order until August 15, 1994. If any of the litigants wishes to file any submission on the subject, the filing must therefore be delivered to this Court's chambers on or before August 12.