896 F.Supp. 829 (1995)
Dean REASON and Virginia Reason, Plaintiffs,
v.
GENERAL MOTORS CORPORATION, Defendant.
No. IP 95-0261-C H/G.
United States District Court, S.D. Indiana, Indianapolis Division.
July 17, 1995.
*830 Michael R. Burrow, Wolf & Burrow, Greenfield, IN, for plaintiffs.
Lloyd H. Milliken and Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, IN, for defendant.

ENTRY ON MOTION TO REMAND
HAMILTON, District Judge.
Plaintiffs Virginia and Dean Reason have moved to remand this case to the Hancock Circuit Court, where they originally filed it before defendant General Motors Corp. removed it to this court. Plaintiffs contend that the amount in controversy here does not exceed $50,000, and that jurisdiction therefore fails. The case presents several issues concerning the aggregation of claims to satisfy the jurisdictional amount in controversy and the burden on the removing defendant to show that federal jurisdiction exists when the plaintiffs challenge jurisdiction. General Motors seeks to satisfy the jurisdictional amount in controversy by (a) aggregating the plaintiffs' claims against General Motors with their claims against a non-party with whom plaintiffs have settled, and (b) aggregating the claims of one spouse for her injuries with her husband's claim for loss of consortium. Neither type of aggregation is appropriate here, and defendant has failed to meet its burden to establish federal jurisdiction. This case will therefore be remanded to state court.
Procedural History: On February 2, 1995, plaintiffs filed suit in the Hancock Circuit Court. They seek damages for injuries Mrs. Reason suffered when the Reasons' General Motors car was in a collision with another car. Plaintiffs allege that Mrs. Reason was wearing her seat belt, that the seat belt was defective, and that she suffered enhanced injuries as a result of the defective seat belt. Mr. Reason seeks damages for the loss of care, comfort, and services of his wife. Plaintiffs' state court complaint did not specify any amount of damages; Indiana Trial Rule 8(A)(2) provides that "in any complaint *831 seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand."
Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) & (b), non-resident defendants may remove from the state courts to the federal courts a case in which the parties are of diverse citizenship and the amount in controversy exceeds $50,000, exclusive of interest and costs. On March 2, 1995, General Motors filed a timely petition for removal. The petition states in relevant part: "Based upon the allegations of plaintiffs' Complaint for Damages, if proved, the amount in controversy exceeds Fifty Thousand Dollars ($50,000), exclusive of interests and costs...." According to plaintiffs' complaint and the defendant's petition for removal, plaintiffs are residents of Indiana; neither pleading says anything about their citizenship. Defendant General Motors is a citizen of Delaware and Michigan for diversity purposes. Defendant's petition makes no effort to distinguish between the claims of Mrs. Reason and Mr. Reason for purposes of the amount in controversy. On March 7, 1995, plaintiffs filed an "Objection to Defendant's Petition for Removal," which the court treats as a timely motion for remand pursuant to 28 U.S.C. § 1447(c). Plaintiffs asserted that the amount in controversy did not exceed $50,000, and they submitted an affidavit signed by both plaintiffs stating in part: "Contrary to the assertions contained in [defendant's] Petition, they are not seeking damages against General Motors in excess of $50,000." Like defendant, plaintiffs made no effort to separate their respective claims for purposes of the amount in controversy. Plaintiffs also said in their affidavit that they had settled their claims with Gloria Thompson, the driver of the other car in the accident, for $42,500. General Motors responded with a short brief claiming that the payment by the driver of the other car should be counted toward the amount in controversy, and that removal was proper unless plaintiffs "are willing to commit or stipulate that they are not seeking in excess of $7,500 from General Motors." After reviewing the parties' submissions, the court raised concerns about the defendant's attempt to aggregate the claims against it and the other driver for purposes of establishing the jurisdictional amount in controversy. The parties each filed a supplemental brief to respond to the court's concerns, and defendant suggested additional grounds for satisfying the jurisdictional requirement. The motion for remand is now ripe for decision.
There are several distinct issues here. Those raised by the parties include whether the payment to the plaintiffs by the nonparty may be counted toward the amount in controversy, and whether the two plaintiffs' claims (taken together) against General Motors alone involve an amount in controversy in excess of $50,000. This second issue depends in part on the effect of the postremoval affidavit by plaintiffs to defeat removal. Not raised by the parties is the issue whether the two plaintiffs' claims may be added together for purposes of determining the amount in controversy, and whether a petition for removal is sufficient where it fails to distinguish between multiple plaintiffs' claims. Finally, there is the issue of the effect of the failure of any party to establish plaintiffs' citizenship, as distinct from their residence.
1. Settlement with Non-Party: In its first filing in opposition to remand, General Motors relied on the plaintiffs' $42,500 settlement with non-party Thompson to show that the amount in controversy in the entire case exceeded the jurisdictional amount of $50,000. However, one plaintiff's claims against several defendants may not be aggregated to satisfy the amount in controversy unless the defendants may be held jointly liable to the plaintiff on each claim. Sovereign Camp Woodmen of the World v. O'Neill, 266 U.S. 292, 295-96, 45 S.Ct. 49, 50, 69 L.Ed. 293 (1924); Citizens' Bank v. Cannon, 164 U.S. 319, 322, 17 S.Ct. 89, 90, 41 L.Ed. 451 (1896); Walter v. Northeastern Railroad Co., 147 U.S. 370, 373-74, 13 S.Ct. 348, 349-50, 37 L.Ed. 206 (1893); Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir.1961).
Defendant cites no cases on point supporting jurisdiction based on aggregating claims against a defendant and a non-party. *832 However, defendant argues that the "policies which motivated the outcome" of these cases would not apply to a decision that would count the payment by non-party Thompson toward the amount in controversy in this case. Defendant points out that the amount is fixed and certain, so there would be no need to resolve the merits to determine jurisdiction and no uncertainty while the plaintiffs' claims against the non-party were valued in some way. This argument is not persuasive. Suppose that Ms. Thompson had actually been named as a defendant in this action (and was not a citizen of Indiana). To establish federal jurisdiction, neither the plaintiffs nor either defendant could add together plaintiffs' claims against the two defendants unless the two defendants could be held jointly liable on claims that satisfied the jurisdictional amount. Sovereign Camp Woodmen, Walter, and Jewell establish that. Plaintiffs' claims against General Motors therefore could not be aggregated with their claims against Ms. Thompson if she were here as a party. There is no reason the outcome should be any different merely because plaintiffs settled with her before they filed suit.[1]
Defendant asserts, however, that it would be entitled under Indiana law to have the settlement with Thompson set-off against any jury award against itself. Defendant cites no Indiana law on this point. Indiana law appears to be to the contrary in cases like this one. Plaintiffs are not suing General Motors for causing the accident, but for enhanced injuries as a result of the allegedly defective seat belt. Plaintiffs may recover damages from General Motors only to the extent they can "establish specifically the additional or increased severity of the injuries attributable to" the defective product. Masterman v. Veldman's Equipment, Inc., 530 N.E.2d 312, 317 (Ind.App.1988). In addition, Indiana's comparative fault law in effect at the time this case arose specifically excluded from its coverage strict liability claims for defective products and claims for breach of warranty. Ind.Code § 34-4-33-13 (1992).[2] Thus, under Indiana law, General Motors and Thompson could not be held liable for the same injuries and damages. General Motors therefore cannot satisfy the amount in controversy requirement by counting plaintiffs' claims against settlement with nonparty Thompson.
2. Plaintiffs' Affidavit: In response to this court's request for a more complete explanation of jurisdiction, General Motors has suggested other grounds for satisfying the amount in controversy requirement. General Motors argues that the court should disregard plaintiffs' affidavit filed after removal asserting that plaintiffs do not seek an amount in excess of $50,000 from General Motors. For purposes of removal, the federal court's jurisdiction must be determined as of the moment the petition for removal is filed. In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir.1992). Ordinarily, the plaintiff's prayer for relief at the time of the removal controls, unless it appears "to a legal certainty" that the claim is necessarily one for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). In St. Paul Mercury, the original state court complaint showed that the required jurisdictional amount was in controversy. The defendant removed the case, to this court, as it turned out. As the case proceeded, it became clear that the plaintiff could not recover the jurisdictional amount. The final judgment for plaintiff was for less than the jurisdictional amount. The Seventh Circuit held the case should have been remanded, but the Supreme Court reversed, holding that events occurring after removal to reduce the amount in controversy do not oust the district court's jurisdiction, once it has attached. 303 U.S. at 293, 58 S.Ct. at 592.
There is an obvious problem in applying this rule where the plaintiff's complaint in state court does not specify any dollar amount, and that problem is exacerbated *833 when state practice prohibits including a dollar amount, as it does here. In such cases, how should parties and courts determine whether the jurisdictional amount is satisfied? Chief Judge Barker addressed this problem in Oder v. Buckeye State Mut. Ins., 817 F.Supp. 1413 (S.D.Ind.1992). In Oder the plaintiffs had not asked for a specific dollar amount in their complaint. The defendant removed, and the plaintiffs responded by "certifying" to the court that they did not seek a recovery in excess of $50,000. The court construed the certification as a covenant not to request a recovery in excess of $50,000 and not to execute any judgment in excess of that amount. The court stated that this covenant bound the plaintiffs and operated as an amendment to their complaint. 817 F.Supp. at 1413. The court distinguished St. Paul Mercury on the basis that the complaint in St. Paul Mercury had included a specific request for monetary relief in excess of the jurisdictional amount. Because the "certification" in Oder was the plaintiffs' first allegation as to the amount of damages at issue, the court found that allegation to be controlling and remanded the case to state court. 817 F.Supp. at 1414. Under the reasoning in Oder, this court could accept plaintiffs' affidavit in this case as their first assertion of the amount in controversy and should remand the case.[3]
The Seventh Circuit's decision in In re Shell Oil Co., however, points toward the opposite result. In that case, the plaintiff had filed a complaint in state court asking for "an amount in excess of Fifteen Thousand Dollars but less than Fifty Thousand Dollars." 970 F.2d at 357 (reprinting district court order). That ceiling on the damages requested was improper under state law and was not binding. Id. The district court required the plaintiff seeking remand to file an affidavit or stipulation signed by counsel and plaintiff limiting the recovery to less than the jurisdictional amount. On the basis of both that stipulation and the ceiling in the complaint, the district court found that the amount in controversy at the time of removal had been less than the jurisdictional amount and therefore remanded the case. The Seventh Circuit issued a writ of mandamus directing the district court to rescind its order of remand. The Seventh Circuit followed St. Paul Mercury in holding that the post-removal affidavit or stipulation was not effective to defeat jurisdiction. 970 F.2d at 356. The remand decision therefore had to be based solely on the pleadings at the time of removal, disregarding the "illusory" cap on damages. In the complaint in that case, the plaintiff alleged breach of a contract to pay $70,000 a year, which alone satisfied the amount in controversy requirement. The court did not need to consider the effect of allegations in the removal petition.
The Seventh Circuit instructed: "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." 970 F.2d at 356 (emphasis added). Thus, under In re Shell Oil, plaintiffs' post-removal affidavit here has no legal effect. It cannot defeat jurisdiction if the court had jurisdiction at the time of removal.
3. The Petition for Removal: These conclusions still leave us with the problem of the original petition for removal and whether General Motors has satisfied its burden of establishing federal jurisdiction. On the amount in controversy issue, the petition for removal states: "Based upon the allegations of plaintiffs' Complaint for Damages, if proved, the amount in controversy exceeds Fifty Thousand Dollars ($50,000), exclusive of interests and costs." That is all.
*834 One problem with this approach is that there are two plaintiffs  Mrs. Reason and Mr. Reason. We have already seen that one plaintiff's claims against several defendants may not be aggregated to satisfy the amount in controversy. Similarly, the separate and distinct claims of two or more plaintiffs also may not be added together to satisfy the jurisdictional amount. Zahn v. International Paper Co., 414 U.S. 291, 294-95, 94 S.Ct. 505, 508-09, 38 L.Ed.2d 511 (tracing origin of rule and applying to class action); Griffith v. Sealtite Corp., 903 F.2d 495, 498 (7th Cir.1990). This principle has been criticized for multiplying litigation, for serving no apparent policy, and for relying on a "mystifying conceptual test," see 14A Wright Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3704 (1985), but it remains binding on this court.
For these purposes, federal courts have repeatedly treated one spouse's loss of consortium claim as separate and distinct from the claim of the spouse suffering physical injury. See, e.g., Hymer v. Chai, 407 F.2d 136, 137-38 (9th Cir.1969); Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 98 n. 1 (2d Cir.1966); Griffin v. Dana Point Condominium Ass'n, 768 F.Supp. 1299, 1300-02 (N.D.Ill.1991); Davis v. Aul, 723 F.Supp. 663, 664-65 (M.D.Ala.1989). Note that the issue is not whether the claims arise from the same operative facts or whether they are properly joined in the same action. Under the Supreme Court's decisions, the issue is whether the claims are "separate and distinct."
Whether claims arising under state law are "separate and distinct" cannot be decided, however, without considering the state law that governs the spouses' respective claims. Under Indiana law, a loss of consortium claim is often described as "derivative" of the injured spouse's claim, but for most purposes the courts have treated the loss of consortium claim as an independent cause of action. Mayhue v. Sparkman, 627 N.E.2d 1354, 1355 & n. 1 (Ind.App.1994) (spouse's loss of consortium claim is "an independent cause of action," but plaintiff must prove the underlying cause of action of the injured spouse; injured spouse need not have brought her own claim or recovered judgment to allow recovery for loss of consortium); Putnam County v. Caldwell, 505 N.E.2d 85, 87 (Ind.App.1987) (loss of consortium claim is independent cause of action requiring specific notice of tort claim against local government); Board of Comm'rs of Cass County v. Nevitt, 448 N.E.2d 333, 340-42 (Ind.App.1983) (loss of consortium claim is independent and separate; procedural bar to injured spouse's claim does not bar loss of consortium claim); Rosander v. Copco Steel & Engineering Co., 429 N.E.2d 990, 991 (Ind. App.1982) (loss of consortium claim is derivative in some senses, but is independent cause of action that injured spouse could not release without consent of spouse who lost consortium). See generally Morris v. Spratt, 768 F.2d 879, 883 & n. 2 (7th Cir.1985) (offensive collateral estoppel applicable to injured spouse's claim did not apply to other spouse's independent claim for loss of consortium where separate defense was available). Taken together, these cases show that the two plaintiffs' claims for physical injuries and for loss of consortium are "separate and distinct" for purposes of establishing the jurisdictional amount in controversy.
As explained above, the plaintiffs' post-removal affidavit cannot defeat federal jurisdiction that existed at the time of removal. However, the plaintiffs' petition to remand sufficed to put in dispute the jurisdictional issue of the amount in controversy. Where there is a dispute as to the jurisdictional amount in controversy, the party seeking the federal forum has the burden of coming forward with "competent proof" to establish at least a "reasonable probability" that the amount in controversy requirement is satisfied. NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995); Shaw v. Dow Brands, Inc., 994 F.2d 364, 366-67 n. 2 (7th Cir.1993). After plaintiffs challenged the amount in controversy here, defendant did not come forward with evidence to satisfy its burden of proof. Instead, defendant relied on the allegations in the complaint, the size of plaintiffs' settlement with Ms. Thompson, and citations to some cases where juries awarded large verdicts for enhanced injuries in seat belt failure. The size of plaintiffs' settlement with Ms. Thompson provides no meaningful basis for comparison because defendant has provided *835 no specific information about Mrs. Reason's injuries or the extent to which those injuries were likely the result of the underlying accident as opposed to the alleged seat belt failure. The verdicts from other cases provide no guidance without factual information that would permit a meaningful comparison.
The issue then becomes whether the complaint establishes a reasonable probability that the jurisdictional amount in controversy is satisfied. The complaint alleges "severe injuries, including but not limited to, injuries to her head and mouth, a broken nose, a broken left knee, a broken left leg, and a broken right wrist," as well as continuing "great physical and emotional pain and suffering." Cplt. ¶¶ 12, 13. There is no detail at all concerning the extent of Mr. Reason's claim for loss of consortium. The allegations in the complaint show that it is possible that Mrs. Reason's claim could satisfy the amount in controversy requirement. However, the possibility that Mrs. Reason's claim could satisfy the jurisdictional amount in controversy is not enough. The court must find a "reasonable probability" that it is satisfied, and on this record, the court could not find such a "reasonable probability" without simply speculating, especially since defendant has made no effort to distinguish between the claims of Mrs. Reason and Mr. Reason. Even as to Mrs. Reason's injuries, defendant has made no effort to distinguish between those suffered as a result of the accident and those enhanced injuries allegedly suffered as a result of the seat belt failure. Defendant here has failed to establish federal jurisdiction by a reasonable probability.[4]
4. Citizenship v. Residence: There is one remaining problem. Plaintiffs' complaint asserts that they reside in Indiana. Defendant's removal petition states merely that defendant "is informed that plaintiffs are residents of the State of Indiana." Diversity jurisdiction depends on citizenship, not residence. E.g., Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 616-17, 49 L.Ed. 986 (1905); America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir.1992); Poulos v. Naas Foods, Inc., 959 F.2d 69, 70 n. 1 (7th Cir. 1992). Defendant's mistake on this score has, as the Seventh Circuit has described it, "a noble pedigree," Poulos, 959 F.2d at 70 n. 1 (discussing language of Fourteenth Amendment), but it is still a mistake, and the allegations of residence are not sufficient to satisfy diversity jurisdiction requirements. This defect probably can be cured even late in the case. See America's Best Inns, 980 F.2d at 1074 (dismissing action after parties failed to correct defect); Poulos, 959 F.2d at 70 n. 1 (allowing amendment of petition after oral argument on appeal). Cf. Denny v. Pironi, 141 U.S. 121, 124, 11 S.Ct. 966, 967, 35 L.Ed. 657 (1891) (trial court could allow amendment in its discretion). This case, however, must be remanded because the defendant has failed to establish a reasonable probability that either plaintiff's claim can satisfy the jurisdictional amount in controversy requirement.

Conclusion
For the foregoing reasons, this case is hereby REMANDED to the Hancock Circuit Court.
NOTES
[1] As discussed below, different plaintiffs' claims also may not be aggregated for purposes of satisfying the amount in controversy requirement.
[2] This provision excluding defective product claims was repealed effective July 1, 1995. 1995 Ind.Legis Serv.P.L. 278-1995, § 15 (West).
[3] Oder also addressed this court's Local Rule 81.3, which provides:

In any petition seeking the removal to this Court of any action in which unspecified monetary damages are sought for alleged personal injury or death and removal is premised in part or in whole on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the petitioner shall certify that the amount of damages at issue satisfies the jurisdictional amount requirement and, unless the case is remanded, the plaintiff shall, within thirty (30) days following such removal, amend the complaint to comply with the jurisdictional amount requirements.
Local Rule 81.3 provides a method for clarifying after removal that the amount in controversy requirement is satisfied. By its terms, however, the rule applies only where the plaintiff agrees that it is satisfied. The rule does not apply to the situation here and in Oder, where the plaintiffs contest jurisdiction.
[4] Assuming for the moment that Mrs. Reason's claim could independently satisfy the requirement and that Mr. Reason's claim could not, the court notes that there is a vigorous debate among district courts concerning whether the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits the exercise of supplemental jurisdiction in a diversity case over another plaintiff's claim that cannot satisfy the amount in controversy requirement on its own. For a recent and detailed account of this debate, see Lindsay v. Kvortek, 865 F.Supp. 264, 270-76 (W.D.Pa.1994) (exercising supplemental jurisdiction). Cf. Griffin v. Dana Point Condominium Ass'n, 768 F.Supp. 1299, 1300-02 (N.D.Ill.1991) (no supplemental jurisdiction over spouse's claim for loss of consortium); Tokarz v. Texaco Pipeline, Inc., 860 F.Supp. 563, 564-65 (N.D.Ill.1994) (same); Garza v. National American Ins. Co., 807 F.Supp. 1256, 1258 (M.D.La.1992) (exercising supplemental jurisdiction over family members' claims). This court need not take sides in that debate in this case, however, because the defendant has failed to establish a basis for concluding there is reasonable probability that either claim, taken separately, would satisfy the amount in controversy requirement.