**In re BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIABILITY LITIGATION.**

This Order Relates To:

Tom Rice, et al., Plaintiffs,

v.

Bridgestone/Firestone, Inc., et al., Defendants.

Nos. IP 00–9373–C–B/S, IP 01–5539–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

Feb. 7, 2003.

Don Barrett, Barrett Law Office Pa, Lexington, MS, Victor Manuel Diaz, Jr., Podhurst, Orseck, Josefsberg & Eaton, Miami, FL, Mike Eidson, Colson, Hicks, Eidson, Coral Gables, FL, Irwin B. Levin, Cohen & Malad, Indianapolis, IN, William E. Winingham, Wilson, Kehoe & Winingham, Indianapolis, IN, for Plaintiffs.

John H. Beisner, O'Melveny & Myers, LLP, Washington, DC, Daniel P. Byron, Bingham McHale, LLP, Indianapolis, IN, Mark Herrmann, Jones, Day, Reavis & Pogue, Thomas S. Kilbane, Squire, Sanders & Dempsey, LLP, Cleveland, OH, Mark Merkle, Krieg Devault LLP, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P. Smith, Holland & Knight, LLC, Chicago, IL, Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for Defendants.

## ORDER ON PENDING MOTIONS

BARKER, District Judge.

On August 28, 2002, this court issued its Order on Motion for Remand and Related Motions ("August 28 Order"). In that Order, the Court, among other things, denied motions to dismiss filed by Bridgestone/Firestone, Inc. ("Firestone") and Ford Motor Company ("Ford"), granted extension of case management deadlines, and denied the plaintiffs' motion for remand. On October 8, 2002, Firestone and Ford filed motions to reconsider the Court's denial of their motions to dismiss, or in the alternative sought further extension of certain deadlines. On October 10, 2002, the plaintiffs filed a Motion for 28 U.S.C. § 1292(b) Certification of Remand Denial ("Motion to Certify").[1] On January

---

1. On November 26, 2002, Firestone also filed a motion for summary judgment, which re-

9, 2003, the plaintiffs filed their "Objection to Hearing on Defendant's, Bridgestone/Firestone, Inc. Motion for Summary Judgment; Motion to Hold Defendant's Motion for Summary Judgment in Abeyance Pending Completion of Discovery; Motion for Status Conference; Motion to Hold Plaintiffs' Case in Abeyance Pending a Final Decision on Plaintiff's Motion for Interlocutory Appeal and/or, in the Alternative, Motion for Additional Time to Respond to Motion for Summary Judgment; and Response to Motion for Summary Judgment" ("January 9 Filing"). All of these motions have now been briefed by the parties. For the reasons explained below, (1) Firestone's and Ford's motions to reconsider are DENIED; (2) all case management deadlines are STAYED; (3) plaintiffs' objection to hearing on the motion for summary judgment is DENIED AS MOOT; (4) the Court will not rule on the motion to hold Firestone's motion for summary judgment in abeyance, nor will it rule on the motion for summary judgment itself in light of the procedural posture of the case; (5) plaintiffs' motion for status conference is DENIED; (6) plaintiffs' motion to hold the case in abeyance pending decision on their motion for interlocutory appeal is DENIED; (7) plaintiffs' motion for additional time to respond to Firestone's motion for summary judgment is DENIED; (8) plaintiffs' response to Firestone's motion for summary judgment is ORDERED STRICKEN as untimely; (9) the Court treats the Motion to Certify as a motion for reconsideration, which it GRANTS; and (10) this action is remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

mains pending.

**2.** The Court later extended certain deadlines even further.

## Discussion

### Ford's and Firestone's Motions to Reconsider

As fully set out in the August 28 Order, Ford and Firestone sought dismissal of the plaintiffs' claims as a sanction for the plaintiffs' failures to comply with their discovery obligations. Alternatively, these defendants sought extension of case management deadlines to account for the delays in discovery occasioned by the plaintiffs' refusal to supply discovery.

▮ We found in the August 28 Order that the plaintiffs' conduct did not warrant dismissal, but we did order that this case would be treated as a "first quarter 2002" case for case management purposes.[2] Ford and Firestone now ask the Court to reconsider its denial of their motions to dismiss, relying almost entirely on the grounds they previously argued. The only new fact on which they ground their motions to reconsider is that the plaintiffs have filed their Motion to Certify and have sought further delays until that motion is decided. Although this court does not approve of the plaintiffs' litigation strategy in this case and believes it to be unproductive,[3] the defendants have not given the Court adequate reason to reconsider its earlier denial of their motions to dismiss. The motions for reconsideration are therefore DENIED. The Court further ORDERS all case management deadlines STAYED, to be re-set by the state court following remand.

### Plaintiffs' January 9 Filing

The Court will next address, in light of this order's resolution of other issues, sev-

**3.** The Court hopes that the plaintiffs will now approach the prosecution and resolution of their case as vigorously as they have pursued delays and (mostly ill-founded) procedural arguments.

eral matters raised by plaintiffs' January 9 Filing. Their objection to hearing on Firestone's motion for summary judgment is DENIED AS MOOT. In light of our determination below that we do not have jurisdiction, we will not hold a hearing on the motion, nor will we rule on it. The plaintiffs' motion for a status conference is DENIED because a conference is unnecessary. Their motion to hold the case in abeyance pending decision on their motion for interlocutory appeal is DENIED, and the request for additional time to respond to Firestone's motion for summary judgment is DENIED. The plaintiffs sought and were given an extension to December 31, 2002, to file a response to Firestone's motion; they filed no response by that date, and on January 9, 2003, filed an untimely request to "hold [the] case in abeyance" or for additional time to respond. Although they sought additional time, the plaintiffs also denominated their January 9 Filing a response to Firestone's motion for summary judgment. Because that response is untimely, it is ORDERED STRICKEN.

### Motion to Certify

On December 29, 2000, the plaintiffs filed a complaint in Mississippi state court against Magdalene Glatfelter, the driver of the car that allegedly struck plaintiff Darius Rice. That complaint alleged that Ms. Glatfelter had negligently operated her car, causing injury to Darius Rice. Very shortly after the filing of that lawsuit, Ms. Glatfelter filed for bankruptcy. The bankruptcy court issued an order lifting the automatic bankruptcy stay on March 15, 2001, and that order was filed in the state court action on June 19, 2001. On July 2,

2001, the plaintiffs filed an amended complaint, naming Firestone, Ford, and East Ford, Inc. as defendants and asserting for the first time claims against those defendants based on alleged defects in Darius Rice's Ford Explorer and Firestone tires. On August 2, 2001, Firestone filed a notice of removal, which all other defendants (including Ms. Glatfelter) joined. The asserted basis for removal was 28 U.S.C. § 1334, which provides that the federal district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]."

We noted in our August 28 Order that the plaintiffs had failed to brief the important threshold issue of whether "related to" jurisdiction under 28 U.S.C. § 1334 applies to this case. Analyzing that issue, we held that, because of Ms. Glatfelter's bankruptcy and the potential for contribution claims to affect her bankruptcy estate, this case is "related to" a bankruptcy case and, hence, section 1334 supplies federal subject matter jurisdiction. We further found that the circumstances presented by the plaintiffs did not warrant abstention under subsection (c)(1) of that statute. Not until they filed their Motion to Certify did the plaintiffs advise the Court of crucial facts pertinent to the jurisdictional issue and dispositive of their motion for remand—most notably the fact that Ms. Glatfelter's bankruptcy had been closed without any contribution claim having been made against her.[4] And, because they did not focus on this issue, the plaintiffs also

---

4. Even then, they failed to advise the Court *when* the bankruptcy was closed, a fact of obvious importance in determining the propriety of removal. (This is so because the propriety of removal depends on the facts as they existed at the time the notice of removal was filed. *See, e.g., In re Shell Oil Co.,* 970

F.2d 355 (7th Cir.1992).) Ms. Glatfelter received a discharge on August 31, 2001, and her bankruptcy was closed on September 5, 2001, all briefly after Firestone filed its notice of removal. The Court obtained this fact on its own by contacting the Bankruptcy Court for the Southern District of Alabama.

did not bring to the Court's attention case-law based on similar facts.

 In other contexts, we would be inclined to deny on the basis of waiver the plaintiffs' request for further review (either by this court or by the Court of Appeals) of the issues presented by their earlier motion. As we noted in the August 28 Order, however, this court has an independent obligation to ensure that federal subject matter jurisdiction exists, and that obligation is not extinguished by the plaintiffs' failure to present the pertinent facts and legal analysis to the Court the first time around. The Motion to Certify presents facts and authority, unrefuted by the defendants, that demonstrate to the Court that this action is not "related to" a bankruptcy case because this action will have no conceivable effect on a bankruptcy estate. Therefore, the continued exercise of federal jurisdiction under 28 U.S.C. § 1334 would not be proper.[5]

Alternatively, even if the circumstances were sufficient to create jurisdiction under section 1334, we would nevertheless determine that permissive abstention under 28 U.S.C. § 1334(c)(1) is advisable. In the August 28 Order, the Court found the factors to be weighed in determining whether abstention is appropriate to be almost evenly balanced. The new facts brought to the Court's attention tilt the balance decidedly in favor of abstention.

For the above reasons, the Court treats the Motion to Certify as a motion for reconsideration, which it GRANTS. This action is remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi for lack of federal subject matter jurisdiction. The Clerk is OR-DERED to provide a copy of this order to that court.

---

**5.** We do not find that this case was improperly removed by the defendants, only that no basis for the continued exercise of federal subject matter jurisdiction exists.