Raul CARRASQUILLO, Plaintiff,

v.

STATE FARM LLOYDS, Defendant.

Civil Action No. W–13–CA–00354.

United States District Court,
W.D. Texas,
Waco Division.

Signed Dec. 16, 2013.

Bill L. Voss, The Voss Law Firm, P.C., The Woodlands, TX, for Plaintiff.

Daniel Coffey Andrews, Jones, Andrews & Ortiz, P.C., San Antonio, TX, for Defendant.

## ORDER

WALTER S. SMITH, JR., District Judge.

Plaintiff filed this first-party insurance suit in the 146th Judicial District Court of Bell County, Texas. Defendant, State Farm Lloyds, removed the case under 28 U.S.C. § 1332 based upon diversity of citizenship. Plaintiff has moved to remand, asserting that despite complete diversity in this case, the matter in controversy does not exceed the value of $75,000. Having reviewed the parties' pleadings and the applicable legal authority, the Court is persuaded that Plaintiffs motion for remand should be denied.

■ Generally, a defendant may remove a civil action if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the existence of federal jurisdiction. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In this case, jurisdiction is asserted on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Relevant to this case, section 1332 confers jurisdiction in the federal courts over cases in which (1) the amount in controversy exceeds $75,000 and (2) the action is between citizens of different states. *See id.* No one has disputed that the action is between citizens of different states, so the only question is whether the amount in controversy exceeds $75,000.

■ Where a plaintiffs complaint alleges a specific amount of damages, apparently in good faith, that sum controls as the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). When the complaint does not allege a specific amount of damages, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). The defendant can meet that burden by either (1) showing that it is "facially apparent" from the complaint that the claims are "likely above" the amount in controversy, or (2) setting forth facts, either in the removal petition or by affidavit, that support a finding of the requisite amount. *See Allen*, 63 F.3d at 1335.

Defendant recognizes that, in his original complaint, Plaintiff limited his damages to "monetary relief of $74,855 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." However, along with attorneys' fees and court costs, Plaintiff also seeks additional damages under the Texas Deceptive Trade Practices Act (DTPA) and the Texas Insurance Code, which provides for treble damages. Defendant also provided a copy of a DTPA Demand Letter sent by Plaintiff offering to settle "for a total of $94,800.00 which includes actual damages in the amount of $63,200.00, mental damages in the amount of $15,800.00, and attorney's fees in the amount of $15,800.00." In that letter, Plaintiff also noted that if the case went to trial, "the amount of damages awarded by a jury will increase dramatically."

■ Once removed, to defeat diversity jurisdiction, a plaintiff must show to a "legal certainty," that the amount in controversy will not exceed $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir.2002). Plaintiff offers an affidavit in which he now stipulates that he is not seeking more than $75,000 worth of damages. Post-removal affidavits may only be considered when the amount in controversy was ambiguous at the time of removal and may only be considered in determining the amount in controversy at the time of removal—they do not divest a

court of diversity jurisdiction in and of themselves. *See Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

■ Here, Plaintiff did specify in his original complaint that he was seeking $74,855. However, since he also requested attorneys' fees, court costs, and additional damages allowed by the DTPA and Texas Insurance Code, it is clear to this Court that the amount in controversy will exceed the $75,000 threshold. Furthermore, where a plaintiff wants to prevent removal, a binding stipulation or affidavit must have been filed with their original complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (citing *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Once the case has been removed by the defendants, later filings become "irrelevant." *Id.*

■ Because Plaintiff's affidavits do not shed any new factual light on the amount in controversy as it stood at the time of removal, the Court finds by a preponderance of the evidence that the amount in controversy at the time of removal was greater than $75,000. Therefore, diversity jurisdiction existed and removal was proper. Subsequent events do not divest the Court of removal jurisdiction, and thus the Motion to Remand should be denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand is **DENIED.**