**E. R. WAGNER MANUFACTURING COMPANY, Plaintiff,**

v.

**QUADRATEC, INC., Defendant.**

**No. 71-C-80.**

United States District Court, E. D. Wisconsin.

July 28, 1971.

Foley & Lardner by Gilbert W. Church, Milwaukee, Wis., for plaintiff.

Reilly, Like & Schneider by Paul R. Ades, Babylon, N. Y., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the complaint for want of jurisdiction and, alternatively, to obtain a change of venue. The complaint seeks damages of approximately $14,000 based on the defendant's alleged failure to pay for materials which it had ordered from the plaintiff.

The defendant urges that the court is without jurisdiction on the ground that the defendant's contacts with Wisconsin were insufficient to qualify under the Wisconsin long-arm statute, § 262.05(5), Wis.Stats.

According to the complaint, the defendant and the plaintiff entered into an agreement which contemplated that the plaintiff would manufacture certain goods in Wisconsin. This constitutes a sufficient association with Wisconsin to permit jurisdictional power to be exercised here. International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Flambeau Plastics Corp. v. King Bee Manufacturing Company, 24 Wis.2d 459, 129 N.W.2d 237 (1964).

Since jurisdiction is based upon diversity of citizenship, it is required that the amount in controversy exceed $10,000. Although the demand of the complaint is for a sum slightly in excess of $14,000, it is urged by the defendant that the principal portion of the claim ($12,000) relates to manufactured goods which are being retained by the plaintiff in a warehouse by reason of the defendant's alleged default. Although resale of these manufactured goods, or salvage thereon, in keeping with the plaintiff's duty to mitigate its damages, might well reduce the plaintiff's recovery by a substantial amount, it cannot be said at this time that the court lacks jurisdiction to proceed. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

With reference to venue, the defendant contends that its contacts with the state of Wisconsin are so remote that in the interest of justice, the case should be transferred to the district in which the defendant has its place of business. I find this argument unpersuasive. The defendant has failed to demonstrate that, relatively speaking, the prospective inconvenience to the various witnesses justifies a change in the venue.

Now, therefore, it is ordered that the defendant's motions for dismissal and for a change of venue be and hereby are denied.