**Joseph HARMON and Marilyn Harmon, Plaintiffs,**

v.

**OKI SYSTEMS and Crown Equipment Corporation, Defendants.**

No. IP 93–1102–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 10, 1995.

J. Kevin King, Cline King & King, Columbus, Indiana, Tom G. Jones, Jones, Drury & Hoffman, Franklin, Indiana, for plaintiffs.

Randall C. Helmen, Hume Smith Geddes & Green, Indianapolis, Indiana, for defendant OKI Systems.

Stephen E. Arthur, Bose McKinney & Evans, Indianapolis, Indiana, for defendant Crown Equipment Corp.

## ENTRY ON PLAINTIFFS' MOTION TO REMAND

HAMILTON, District Judge.

Plaintiff Joseph Harmon was injured in an accident on the job on July 29, 1991. His left foot was pinned between a concrete wall and a forklift he had been driving. The forklift was manufactured by defendant Crown Equipment Corporation (Crown) and sold and maintained by defendant OKI Systems. Joseph Harmon and his wife Marilyn Harmon originally filed this product liability action in the Johnson Superior Court on July 28, 1993. On August 20, 1993, defendant Crown removed the case, asserting that this court has diversity jurisdiction under 28 U.S.C. § 1332. Nearly two years later, on August 9, 1995, plaintiffs filed their motion to remand.

Plaintiffs point out correctly that Crown's removal petition has three defects. First, the removal petition makes no explicit allegation that the amount in controversy exceeds $50,000 exclusive of interest and costs. Second, the removal petition says nothing about the corporate defendants' principal places of business, an essential element of corporate citizenship for diversity purposes. Third, the removal petition says nothing about the plaintiffs' citizenship, as opposed to their residence. Although these elementary defects in Crown's removal papers would have required remand if plaintiffs' motion had been filed promptly, by waiting more than thirty days after the removal, plaintiffs waived these defects, and their motion to remand must therefore be denied.

Section 1447(c) of Title 28 of the United States Code provides in relevant part: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because plaintiffs did not file their motion to remand within thirty days, the issue in terms of § 1447(c) is whether the defects in the removal petition are merely waivable "defects in the removal procedure" or instead undermine the court's jurisdiction over the subject matter. See *In re Continental Casualty Co.*, 29 F.3d 292, 293–95 (7th Cir.1994) (§ 1447(c) sets up these two categories of reasons for remand; parties may waive timeliness requirement).

Neither side has cited any decisions of the Seventh Circuit that would aid in classifying the specific defects in Crown's notice as either waivable procedural defects or fatal jurisdictional flaws. Crown relies on *In re Allstate Ins. Co.*, 8 F.3d 219 (5th Cir.1993), in which the Fifth Circuit granted a writ of mandamus to overturn a district court's immediate and *sua sponte* remand of a case in which the removal petition failed to allege the plaintiff's citizenship. Following its decision in *Baris v. Sulpicio Lines*, 932 F.2d 1540, 1544 (5th Cir.1991), the Fifth Circuit said that a procedural defect under § 1447(c) refers to "any defect that does not go to the question of whether the case originally could have been brought in federal district court...." 8 F.3d at 221. "By this standard, Allstate's failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional, defect; although Allstate failed conclusively to *demonstrate* diversity, the record discloses no dispute that it in fact *existed.*" *Id.* (emphasis in original).

■ There is no credible excuse for the defects in Crown's notice of removal. However, applying to this case the difference as articulated in *Allstate* between diversity jurisdiction being demonstrated and diversity jurisdiction actually existing, the court concludes that those defects are waivable procedural defects for purposes of § 1447(c). Plaintiffs do not actually claim they are or

have been citizens of any state other than Indiana. They do not dispute that both defendants are and have been Ohio corporations with their principal places of business in Ohio. Crown has come forward with evidence demonstrating both points, so these elements of diversity jurisdiction, in the terms of *Allstate*, clearly existed at the time of removal even if Crown failed to allege or demonstrate them at the time of removal.

■■ The argument on the jurisdictional amount in controversy is a little more involved. Plaintiffs do not actually deny that the amount in controversy was less than $50,000 at the time of removal. They contend only that the jurisdictional amount in controversy was not demonstrated to a reasonable probability at that time. Crown supports its removal now by relying on plaintiffs' interrogatory answers showing that, by the time of removal, Joseph Harmon had already incurred medical expenses alone in excess of $55,000, as well as lost wages by that time in excess of $80,000. In addition, both plaintiffs sought punitive damages in their state court complaint.

Plaintiffs argue that Crown cannot now establish the jurisdictional amount in controversy by relying on post-removal evidence, such as their interrogatory answers. Plaintiffs cite *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir.1992), and this court's recent decision in *Reason v. General Motors Corp.*, 896 F.Supp. 829 (S.D.Ind.1995), which held that plaintiffs could not defeat removal by merely claiming, after removal, that they were seeking less than the jurisdictional amount. What is sauce for the goose is sauce for the gander, say plaintiffs, and if a plaintiff cannot defeat removal with a later disclaimer, a defendant should not be allowed to cure defective removals with post-removal evidence.

Plaintiffs' argument misconstrues *Shell Oil* and *Reason*. Both cases held that after a case is properly removed, a plaintiff cannot defeat removal by, in essence, changing the facts with a later disclaimer saying that the jurisdictional amount is not in controversy. In *Reason*, however, the plaintiffs could still raise the issue of the amount that was actually in controversy. Raising the issue is enough to impose on the party asserting federal jurisdiction the burden of coming forward with "competent proof" to establish at least a "reasonable probability" that the jurisdictional amount in controversy requirement was satisfied at the time of removal. 896 F.Supp. at 834 (citing *NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995); and *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366–67 n. 2 (7th Cir. 1993)). In fact, in *Reason* this court remanded the case, but did so without relying at all on plaintiffs' post-removal disclaimer. The court relied instead on the defendant's failure to come forward with evidence sufficient to show a reasonable probability that the amount in controversy exceeded $50,000 at the time of removal.

Plaintiffs' late motion to remand in this case was sufficient to require Crown to meet that same burden here. The issue is whether such a reasonable probability existed at the time of the removal. Nothing in *Shell Oil, Reason, NLFC,* or *Shaw* prevents the party asserting federal jurisdiction from relying on evidence generated after the removal. Of course, it would not be enough to show that the amount in controversy was greater than $50,000 after removal, but post-removal admissions by parties opposing federal jurisdiction may be considered if they are probative of the amount in controversy at the time of removal.[1]

In this case, Crown has satisfied its burden of showing a reasonable probability that the amount in controversy at the time of removal exceeded $50,000 for each plaintiff's claim. Joseph Harmon's medical expenses incurred and lost wages accrued by the time of remov-

1. Defendant OKI Systems filed a document designating the deposition testimony of Dr. George Launey and all exhibits as evidence of the damages claimed by both plaintiffs. Plaintiffs moved to strike this designation as untimely and irrelevant. It is untimely. Whether it is relevant is unclear because OKI Systems designated the entire transcript and all exhibits without any indication of which portions might be relevant or why. The court will not undertake its own unguided search of the deposition and exhibits for relevant information. See *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir.1994). OKI Systems' designation is untimely and will therefore be stricken.

al each exceeded the amount in controversy requirement. He also sought compensatory damages for pain and suffering, as well as punitive damages. Marilyn Harmon's claim for loss of consortium is less capable of exact proof, but in view of the magnitude of Mr. Harmon's injuries, the recovery being claimed by plaintiffs and the assertion of claims for punitive damages, there was a reasonable probability at the time of removal that her claims also exceeded the jurisdictional amount in controversy.[2]

When Congress amended § 1447(c) in 1988 to allow waiver of procedural defects, the House committee report explained:

> So long as the defect in the removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. There is some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means for forum shopping if the litigation should take an unfavorable turn.

H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), *reprinted in* 1988 U.S.Code Cong. & Ad.News 5982, 6033. These concerns are relevant here. The defects in the original removal petition should have been evident for nearly two years before the remand motion was filed. Yet the motion was filed only a few days after the court vacated the trial setting and scheduled oral argument on Crown's motion for summary judgment. After the 1988 amendment to § 1447(c), mere defects in allegations no longer give a party who later senses trouble in federal court a kind of emergency ejection device to escape the forum.

Nevertheless, in support of their motion to remand, plaintiffs rely on the Tenth Circuit's decision in *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir.1995), which squarely supports their position. In *Laughlin*, the plaintiff's original state court pleading alleged damages for each of two claims "in excess of $10,000." The defendant removed but, like Crown here, its removal notice did not refer to an amount in controversy. The plaintiff did not object to removal. The question of jurisdiction was not raised until the Tenth Circuit raised and decided it on appeal. The defendant apparently set forth facts in its appellate brief alleging that the amount in controversy was satisfied at the time of the removal. Although the court did not address § 1447(c), it implicitly treated the failure to include any allegation of a jurisdictional amount in the removal petition as a jurisdictional defect that could not be waived or corrected. 50 F.3d at 873.

This court cannot follow *Laughlin* for two reasons. First, in *Laughlin* the Tenth Circuit expressly disagreed with the Seventh Circuit's decision in *Shaw v. Dow Brands*, 994 F.2d at 366–68. This court is in the Seventh Circuit and must follow controlling Seventh Circuit decisions. *Shaw* instructed that where a plaintiff does not raise a challenge to the jurisdictional amount in controversy, but the court raises the issue itself, the court should require the removing defendant to come forward with evidence to show the required amount is actually in controversy. 994 F.2d at 366 n. 2. The Seventh Circuit therefore rejected the *Laughlin* approach of immediate and *sua sponte* remand. In this case, plaintiffs have raised the issue, but the *Shaw* approach of giving the party seeking a federal forum the opportunity to come forward with evidence to support jurisdiction applies here, and this court must follow Seventh Circuit law. Second, the Tenth Circuit in *Laughlin* never discussed the possible application of 28 U.S.C. § 1447(c) and the plaintiff's apparent waiver of any defects in removal procedure. This court agrees with the *Laughlin* court in that the basis for the court's jurisdiction must appear in the record, but § 1447(c) should permit the party asserting federal jurisdic-

---

**2.** The court therefore need not answer in this case the question raised but not answered in *Reason:* whether supplemental jurisdiction in a diversity case can include the separate and dis-

tinct claim of a plaintiff who cannot satisfy the jurisdictional amount in controversy on his or her own. See 896 F.Supp. at 835, at n. 4 (noting conflict in district court decisions).

tion to make that proof at any time prior to judgment if no challenge is raised earlier.[3]

## CONCLUSION

The jurisdictional controversy in this case was caused by a defendant's remand papers that omitted elementary allegations. This failure has created an avoidable and completely unnecessary cloud of uncertainty over the entire case. However, the plaintiffs waived their objections to these defects in the removal procedures. Plaintiffs' motion to remand this case to the Johnson Superior Court is DENIED.

So ordered.

---

**3.** After argument on the motion to remand, Crown filed a motion to amend its defective removal papers pursuant to 28 U.S.C. § 1653, which authorizes amendment of "defective allegations of jurisdiction." The amendment Crown seeks is incorporation of all evidence submitted by Crown and OKI Systems in opposition to remand. Such evidence need not be submitted as part of the removal papers. It is sufficient in this case to amend the removal petition to include the assertions that, at the time of removal: (a) the amount in controversy for each plaintiff's claim exceeded $50,000, (b) each corporate defendant had its principal place of business in Ohio, and (c) plaintiffs are both citizens of Indiana. The court grants the motion to amend to the extent that Crown's removal petition should be deemed amended to include these three allegations. See *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir.1992) (court willing to accept amended jurisdictional allegations even after oral argument on appeal); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 70 n. 1 (7th Cir.1992) (same).