**Nancy KING, Plaintiff,**

**v.**

**WAL–MART STORES, INC., Defendant.**

**No. IP 96–1092–C–B/S.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 30, 1996.

S. Bryan Donaldson, Berry Capper & Tulley, Crawfordsville, Indiana, for Plaintiff.

Thomas L. Davis, Locke Reynolds Boyd & Weisell, Indianapolis, Indiana, for Defendant.

## ENTRY REMANDING ACTION

BARKER, Chief Judge.

Plaintiff Nancy King has moved to remand this case to the Montgomery County Superior Court, where she originally filed it before Defendant, Wal–Mart Stores, Inc., removed it to this court. In her motion to remand, Plaintiff has stipulated that the jurisdictional amount in controversy does not exceed $50,000, therefore federal jurisdiction fails. Defendant counters Plaintiff's motion by arguing that such post-removal stipulations are insufficient to compel the remand of an otherwise removable case to state court. After this case was properly removed, Plaintiff's petition to remand effectively put in dispute the jurisdictional amount in controversy. Once a plaintiff raised the issue of the jurisdictional amount, the party asserting federal jurisdiction has the burden of coming forward with competent proof to establish with reasonable probability that the jurisdiction amount in controversy requirement was satisfied at the time of removal. Defendant has failed to meet this burden, therefore this case is remanded to state court.

## FACTS

On June 28, 1996, Plaintiff filed suit in the Montgomery County Superior Court. Plaintiff seeks damages for various medical expenses, injuries, and lost wages suffered when she slipped and fell during regular business hours at a Wal–Mart store. Plaintiff alleges that her fall was due to foreign substances and water on the store floor and Wal–Mart was negligent in failing to "properly keep [this] area open to the public safe." Plaintiff's state court complaint did not specify any amount of damages in monetary terms, pursuant to Indiana Trial Rule 8(A)(2), which provides that "in any complaint seeking damages for personal injury ... no dollar amount or figure shall be included in the demand."

## DIVERSITY JURISDICTION AND REMOVAL

Diversity jurisdiction exists where the matter in controversy exceeds the sum of $50,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. The parties are diverse in the case at bar. Plaintiff Nancy King is a citizen of Indiana. Defendant, Wal–Mart, Inc., is a Delaware corporation with its principal place of business in Arkansas. The primary issue is whether the amount in controversy requirement has been satisfied.

Pursuant to 28 U.S.C. § 1441(a) & (b), defendants may remove from state court to federal court a case in which both elements of diversity jurisdiction are fulfilled. On August 1, 1996, Wal–Mart successfully petitioned this court for removal, stating that "[b]ased upon the allegations of plaintiff's complaint, if proved, the amount in controversy exceeds Fifty Thousand Dollars ($50,-000), exclusive of interests and costs...." On August 13, 1996, Plaintiff moved for remand to state court, contending that her damages "do not exceed $50,000 exclusive of interest and cost" and "therefore, this matter does not meet the requirements for removal" and should be remanded to state court. Defendant opposes remand to state court and argues that Plaintiff's stipulation that her damages do not exceed $50,000 is insufficient to compel the remand of an otherwise removable case.

## DISCUSSION

Plaintiff made her first assertion with respect to the amount of damages by stipulating in her motion to remand that her damages "do not exceed $50,000." Wal–Mart argues that the court should disregard Plaintiff's stipulation because it was made after removal to federal court. As a general principle, amending a complaint post-removal in order to limit recovery below the jurisdictional limit and consequently deprive the district court of jurisdiction is prohibited. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Generally, the amount of damages prayed for in the complaint at the time of removal controls jurisdictional questions. However, the lack of specificity in Plaintiff's complaint is compelled by Trial Rule 8(A)(2), Indiana Rules of Trial Procedure, which prohibits plaintiffs from alleging a specific dollar amount in their complaints.

■ This court's Local Rule 81.3 was promulgated to respond to the situation where a case lacking specified damages is removed to federal court. The Rule provides that after removal by a petitioner who has certified that the amount of damages at issue satisfies the jurisdictional amount requirement, a plaintiff must amend the complaint within 30 days after removal to comply with the jurisdictional amount requirement. Disregarding the Rule, Plaintiff failed to amend her complaint, an omission which suffices to put in dispute the jurisdictional amount in controversy requirement. Plaintiff's post-removal stipulation that her damages do not exceed $50,000 also puts in dispute the jurisdictional amount in controversy.

Neither the *St. Paul* rule nor Local Rule 81.3 addresses the problem that arises when a plaintiff's complaint in state court does not specify a dollar amount pursuant to an applicable state trial rule, and the plaintiff later challenges removal to federal court because she believes the claim to be worth less than $50,000. We addressed this problem in *Oder v. Buckeye State Mut. Ins.*, 817 F.Supp. 1413 (S.D.Ind.1992). In *Oder*, plaintiffs had not asked for a specific dollar amount in their complaint when the defendant removed to federal court. The plaintiffs "certified" to this court that they would not seek recovery nor execute a judgment in excess of $50,000. *Id.* Because this certification was the plaintiffs' first assertion as to the amount of damages at issue, it was allowed to operate as a covenant between the court and the plaintiffs and as an effective amendment to the complaint. Allowance of such certification was intended to provide some jurisdictional protection for a plaintiff filing a claim worth less than $50,000 in a state court which adheres to a trial rule that precludes inclusion of a specific recovery amount in a complaint.

Since our opinion in *Oder*, we have become aware of precedent that casts doubt upon that decision. The Seventh Circuit's decision

in *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir.1992), holds that a plaintiff's post-removal affidavit or stipulation is not effective to defeat jurisdiction, for federal jurisdiction must be determined as of the instant the petition for removal is filed. This decision follows *St. Paul*, which permits the remand decision to be based only on the pleadings as they stood at the time of removal. However, *In re Shell* also addresses the dilemma some plaintiffs face when it is improper under state law to request a specific dollar amount of damages. These plaintiffs may have modest claims worth less that $50,000, yet are unable to protect themselves from removal to federal court, rendering their choice of a state forum meaningless.

■ The Seventh Circuit's decision *In re Shell* resolves the same conflict between state and federal law that we addressed in *Oder*. *In re Shell* takes a proactive approach to this problem by compelling litigants who want to prevent removal to "file a binding stipulation or affidavit with their complaints...." 970 F.2d at 356. Thus, under *In re Shell*, Plaintiff's post-removal stipulation has no legal effect. Plaintiffs with claims less than $50,000, who are averse to removal to federal court, must demonstrate a certain prescience in anticipating this possibility and protecting themselves in advance by attaching an affidavit or stipulation to the complaint.

■ However, while Plaintiff's post-removal stipulation cannot, in itself, defeat jurisdiction, it does effectively place in dispute the jurisdictional amount in controversy. Thus, the issue becomes whether Defendant can establish that it had a reasonable probability of federal jurisdiction at the time of removal. "Where there is a dispute as to the jurisdictional amount in controversy, the party seeking the federal forum has the burden of coming forward with 'competent proof' to establish at least a 'reasonable probability' that the amount in controversy requirement is satisfied." *Reason v. General Motors Co.*, 896 F.Supp. 829 (S.D.Ind.1995) (citing *NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366–67 n. 2 (7th

Cir.1993)); *see also Harmon v. OKI Systems*, 902 F.Supp. 176, 178 (S.D.Ind.1995).

In *Reason*, after the plaintiffs lodged their post-removal challenge to the jurisdictional amount in controversy, the defendant sought to maintain jurisdiction by pointing out certain allegations in the complaint, the size of plaintiffs' settlement with a third party, and citations to cases in which juries awarded large verdicts for similar claims. The court held that the defendant had not come forward with competent proof to satisfy its burden. *Reason* at 834–35. The defendant failed to provide "specific information" about plaintiff's damages to form a basis for a "meaningful comparison." The court also held that, even though it was possible that plaintiffs' allegations in the complaint could satisfy the jurisdictional amount in controversy, such speculation did not satisfy the "reasonable probability" standard. *Id.* at 835. Thus, the defendant failed to establish federal jurisdiction by a reasonable probability.

■ In this case, Defendant opposes Plaintiff's motion to remand by merely stating that "it is clear, based upon the allegations of plaintiff's complaint" that the case satisfies the jurisdictional amount in controversy. Plaintiff alleges in her complaint that she has "suffered pain and injuries," has "incurred medical expenses," will "suffer future pain," and will "incur future medical expenses." Such general allegations surely do not facially constitute a dollar amount exceeding $50,000.

■ *Reason* teaches that when seeking a federal forum, a defendant must explain with factual detail that it is reasonable and probable that the plaintiff's particular injuries exceed $50,000. *Id.* at 834–35. Nevertheless, Defendant Wal–Mart conclusorily states that Plaintiff's allegations themselves may be relied upon as competent evidence that the value of Plaintiff's claims exceeds $50,000. Defendant provides even less evidence than the unsuccessful defendant in *Reason*. Obviously, Defendant cannot satisfy its burden solely through its reliance upon the general allegations in Plaintiff's complaint. Defendant is not well served by resting upon the complaint's general allegations as evidence of

the jurisdictional amount, because it is not "competent proof" and, more significantly, the value of the stated allegations is at the very heart of the dispute.

 Defendant also opposes Plaintiff's motion based upon "the information available to defendant's counsel." Defendant claims that at the time of removal, Plaintiff had reported total special damages exceeding $10,000. Defendant also claims that Plaintiff's counsel made a settlement demand of $50,000[1] and that Plaintiff is now seeking past and future lost wages. Even assuming that all of Defendant's assertions are true, it is still insufficient to support a reasonable probability that the jurisdictional amount was satisfied at the time of removal.

 First, the fact that Plaintiff's damages may have exceeded $10,000 at the time of removal does not necessarily indicate that the damages also exceeded $50,000. "Speculation" or the mere "possibility" that a claim exceeds the jurisdictional amount in controversy is not enough. *Id.* at 835.

 Second, Defendant points to a settlement offer by Plaintiff of $50,000 and additional claims of lost wages as evidence. Nothing prevents a party asserting federal jurisdiction from relying on evidence generated after the removal. *Harmon*, 902 F.Supp. at 178. However, post-removal admissions by parties opposing federal jurisdiction may only be considered if they are probative of the amount in controversy *at the time of removal. Id.* Because Defendant failed to disclose whether Plaintiff's offer of settlement and claim of lost wages were made before or after removal, it is impossible to attribute any of this information to the total value of Plaintiff's complaint as it stood at the time of removal. Therefore, this information is not probative evidence and cannot support Defendant's contention that the req-

uisite jurisdictional amount in controversy existed at the time of removal.

## CONCLUSION

The jurisdictional controversy is this case was brought about by the failure of Plaintiff to file with her complaint a binding stipulation or affidavit stating the value of Plaintiff's claims as less than $50,000. Plaintiff's post-removal stipulation cannot defeat federal jurisdiction, but it has sufficed to put in dispute the jurisdictional amount in controversy. Defendant, the party asserting federal jurisdiction, has failed to provide competent proof to establish a reasonable probability of federal jurisdiction at the time of removal.

For the reasons stated above, this case is hereby REMANDED to the Montgomery County Superior Court.

---

1. 28 U.S.C. § 1332(a) provides:
   "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000...."
   Defendant alleges that plaintiff's settlement offer was $50,000. The statute states that the matter in controversy must *exceed*, not *equal*, $50,000.

Thus, even if plaintiff's settlement offer of $50,000 is indicative of the total value of plaintiff's claims, it stops just short of satisfying the jurisdictional amount required.

Moreover, it is clear that evidence of settlement discussions is "not admissible to prove ... [the] invalidity of [a] claim or its *amount*." (emphasis added). Fed.R.Evid. 408.