Harry BIRKENBUEL, Plaintiff,

v.

M.C.C. CONSTRUCTION CORPO-RATION, a Colorado Corporation, Defendant.

No. CV 97–19–GF–DWM.

United States District Court,
D. Montana,
Great Falls Division.

May 8, 1997.

William P. Conklin, Conklin, Nybo, Le-Veque & Murphy, Great Falls, MT, for Plaintiff.

Jeanne M. Bender, Elizabeth A. Nedrow, Holland & Hart, Billings, MT, for Defendant.

## ORDER

MOLLOY, District Judge.

Plaintiff Harry Birkenbuel ("Birkenbuel") brought this wrongful discharge action in Montana state court. On February 3, 1997, defendant M.C.C. Construction ("MCC") removed the case to this court on diversity grounds. Birkenbuel now moves for remand on the grounds that the amount in controversy is less than the jurisdictional amount of $75,000. The motion to remand is GRANTED, for the following reasons.

## FACTS

The Complaint alleges the following facts. MCC presently has a four-year contract to perform construction work for the military. MCC hired Birkenbuel to work as a construction superintendent, and paid him $730.77 per week plus health, vacation, and retirement benefits. Birkenbuel thought his job would last at least for the duration of MCC's four-year contract. However, MCC fired him after he had worked just over 90 days.

## DISCUSSION

At this point, Birkenbuel has not stated a claim for a specific amount of damages. Such an amount can appear either from the face of the complaint, or from some sort of "other paper," e.g. a demand letter or discovery response. *See* 28 U.S.C. § 1446(b); *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582, 587 (D.Mont.1981). Here, neither the Complaint nor any sort of "other paper" contains a claim for a specific monetary amount.

■ Where the plaintiff does not demand a specific amount of damages, the burden is on the removing defendant to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). MCC argues that Birkenbuel's Complaint states a claim for at least $75,000, since $730 a week times four years amounts to over $150,000. Birkenbuel argues that this amount must be reduced by the amount of his anticipated earnings over the next four years, as required by the Wrongful Discharge Act ("WDA"). *See* Mont.Code Ann. § 39–2–905(1). When this required adjustment of damages is considered, he argues, the amount in controversy falls below $75,000. MCC responds that mitigation is an issue for trial, and cannot be considered at this stage.

The plaintiff's argument is more persuasive. The cases relied upon by the defendant hold that mitigation may not be considered at the remand stage because it operates as an affirmative defense, and it would be speculative to assume that the defendant will even raise the issue. *See, e.g., St. Paul Indemnity v. Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 591–92, 82 L.Ed. 845 (1938) ("[t]he fact that it appears from the face of the complaint that the defendant has a valid defense, *if asserted*, to all or a portion of the claim ... will not justify remand.") (emphasis added); *E.R. Wagner Mfg. Co. v. Quadratec, Inc.*, 332 F.Supp. 810, 811 (E.D.Wis.1971). The present case is distinguishable from *St. Paul Indemnity*. Here, mitigation must be taken into account regardless of whether MCC asserts it as an affirmative defense, because mitigation is already a mandatory consideration in the statutory definition of the damages available for wrongful discharge. *See* Mont.Code Ann. § 39–2–905(1). Thus, it is not speculative to assume that the amount in controversy will be determined, in part, by the plaintiff's reasonable projected earnings for the next four years.

■ Taking mitigation of damages into account, MCC has not proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. MCC complains that "Birkenbuel offers no evidence regarding the amount of his interim earnings, or indeed any evidence that he has or ever will earn interim income." However, it is MCC, not Birkenbuel, which has the burden of proof. Moreover, the WDA requires consideration of amounts the plaintiff could earn with reasonable diligence, not simply the amount he has earned, or is likely to earn. Mont.Code Ann. § 39–2–905(1). The Complaint describes Birkenbuel as "a general contractor with 40 years in the construction business" who "gave up his own business and potential construction contracts in order to go work for the defendant." Complaint at 2. It seems reasonable to infer from these facts that he could, with reasonable diligence, earn considerable interim wages. It is up to MCC to show that the adjusted mandatory damage computation exceeds $75,000. No such showing exists here.

Furthermore, the plaintiff has not, as MCC suggests, demanded four years of lost wages. Instead, he states he has "suffered damages, including lost wages and fringe benefits for a period *not to exceed four years ....*" Complaint at 4 (emphasis add-

ed). This is merely a recital of the damages available under the WDA. *See* Mont.Code Ann. § 39–2–905(1). Under these facts, I find that MCC has not met its burden of proof. On the present record, it is impossible to say whether the Complaint states a claim for the jurisdictional amount.

The inquiry does not necessarily end here. If at some future time it becomes clear, through some sort of "other paper," that the amount of the plaintiff's claim exceeds $75,-000, the defendant may, within 30 days of receiving such paper, remove the case.

## CONCLUSION

The plaintiff's Motion to Remand is hereby GRANTED, and the case is remanded to the Montana Eighth Judicial District Court for further proceedings.