Bobby Jo **TERRY**, Plaintiff,

v.

**SERVICE AMERICA CORPORATION,**
Defendant.

Civil Action No. 1:97cv233–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Oct. 16, 1997.

----

----

Luther C. Fisher, IV, Ellis, Ellis & Fisher, P.A., Tupelo, MS, for Plaintiff.

George Ellis Abdo, III, Daniel, Coker, Horton & Bell, Jackson, MS, for Defendant.

### MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before this court is the Plaintiff's "Motion to Remand Action to Circuit Court of Clay County, Mississippi." Having considered said motion and the opposition thereto, this court is of the opinion that the motion is well-taken and should be granted.

## I. Factual and Procedural Background

The Plaintiff, Bobby Jo Terry, is a former employee of the Defendant, Service Corporation America. The Plaintiff worked for the Defendant as a cashier at a cafeteria operated by the Defendant at Bryan Foods in West Point, Mississippi. This dispute began when the Defendant terminated the Plaintiff's employment and, in doing so, accused the Plaintiff of stealing money. The Plaintiff claims that subsequent events reveal that another individual was the culprit. Accordingly, on March 6, 1997, the Plaintiff filed a complaint in the Circuit Court of Clay County, Mississippi. The theories upon which the Plaintiff sought relief were defamation, negligence and negligent infliction of emotional distress.

On July 17, 1997, the Defendant filed its Notice of Removal with this court under 28 U.S.C. § 1441. As a basis for federal jurisdiction, the Defendant asserted complete diversity under 28 U.S.C. § 1332. Now the Plaintiff moves this court to remand the action to the Circuit Court of Clay County, Mississippi. The Plaintiff argues that the Defendant has failed to prove that the amount in controversy exceeds $75,000.00.

## II. Discussion

District courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence that the claim exceeds the statutory amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)); *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir.1993). In this case, here by way of removal from state court, the party bearing that burden is the Defendant, the removing party. *See* 28 U.S.C. §§ 1441 and 1446.

In the complaint, the Plaintiff does not allege a specific amount of damages. Complaint, unnumbered page 3 ("Plaintiff prays for judgment against the Defendant for all damages...."). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). While the Defendant states that "it is obvious that the preponderance of the evidence establishes that the amount in controversy is in excess of $75,000," it offers no evidence to support this conclusion. Defendant's Memorandum Brief in Response to Motion to Remand, at 4. To be sure, the Defendant does hypothesize that the Plaintiff's claim for lost wages alone could equal up to $30,000.00, but the Defendant offers no proof as to the Defendant's actual loss. Nor does the Defendant discuss mitigation of damages, which may decrease the amount in controversy. The Defendant also points to the Plaintiff's claims for emotional anxiety and suffering but still offers no proof regarding these claims. Lastly, the Defendant argues that the Plaintiff's claim for punitive damages could total a large amount, especially considering the wealth of the Defendant. However, the Defendant offers no proof regarding its wealth or any other factor relevant to a punitive damages award.

As the Fifth Circuit explained in *Allen*, "[r]emoval ... cannot be based simply upon conclusory allegations." Here, the Defendant only offers conclusory allegations regarding the amount in controversy. Therefore, the Defendant fails to carry its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[1] As such, this court shall grant the Plaintiff's motion to remand.[2]

---

**1.** That the Defendant fails to carry its burden is not surprising. As the Fifth Circuit explained in *ANPAC*, "[r]emoval petitions or other submissions by the defendant are more likely to be persuasive in cases where the crucial facts support jurisdiction are known to the defendant...." *ANPAC*, 988 F.2d at 566. Here, it is the Plaintiff who knows the crucial facts.

**2.** In doing so, this court also notes that it is not "facially apparent" that the amount in contro-

## III. Conclusion

Upon careful consideration of the record in this cause and the submissions of the parties, this court finds that the Plaintiff's motion to remand is well-taken and shall be granted.

sy exceeds $75,000. *See Allen*, 63 F.3d at 1335 ("[A] court can determine that removal was proper if it is facially apparent that the claims are likely above [$75,000].") (holding "facially apparent" where 512 plaintiffs sue for "property damage and wide-ranging, physical and mental injuries from the explosion and release of toxic waste"); *De Aguilar*, 11 F.3d at 57 (holding "facially apparent" where plaintiffs sue for wrongful death); *ANPAC*, 988 F.2d at 566 (holding not "facially apparent" where plaintiffs, small-scale Columbian fishermen, sue for skin rashes and lost income).