**Dennis BREWER, Mary Brewer, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

No. IP00–0184–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

June 12, 2000.

Peter C. King, Cline King & King, Columbus, IN, for plaintiff.

Richard M. Davis, Hoeppner Wagner & Evans Llp, Merrillville, IN, for defendant.

**ENTRY GRANTING PLAINTIFFS' MOTION TO REMAND**

BARKER, Chief Judge.

Plaintiffs, Dennis and Mary Brewer ("the Brewers"), allege that the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), failed to pay medical bills arising from an auto accident covered by their automobile insurance policy ("policy"), which failure constitutes a breach of that policy, tortious failure to process medical payments, and negligent infliction of emotional distress. The Brewers originally filed this suit in state court and State Farm removed it to this court, pursuant to 28 U.S.C. § 1441(a), invoking diversity jurisdiction under 28 U.S.C. § 1332(a). The Brewers dispute the existence of subject matter jurisdiction and move to have this action remanded to state court. For the reasons discussed below, Plaintiffs' motion must be *GRANTED*.

### Background

The Brewers possess an insurance policy on their automobile with State Farm, which they contend includes coverage for medical bills arising out of an accident involving the covered automobile. *See* Compl. Count I ¶¶ 1–3; Defendant's Response to Plaintiffs' Motion to Remand ("Def.'s Resp."), Ex. A ("Policy"). The accident occurred on August 6, 1999.[1] *See* Compl. Count II ¶ 4. The Brewers allege that they timely sent the necessary medical records to State Farm and that State Farm failed to pay any of the medical bills. *See id.* Plaintiffs claim to have suffered damages due to this failure, including unpaid medical bills, mental anxiety, humiliation, financial burden, and emotional distress. *See id.*, Count I ¶ 8, Count II ¶ 3, Count III.[2]

The Brewers filed their complaint in the Bartholomew County, Indiana, Circuit

---

1. Neither party presented any details regarding this incident.

2. Rather than numbering each paragraph successively, the complaint numbers the paragraphs within each count independently. We therefore refer to count and paragraph number to identify statements from the complaint.

Court on December 30, 1999, asserting three counts: (1) breach of contract, (2) tortious failure to process plaintiffs' medical payments, and (3) negligent infliction of emotional distress. *See* Compl. Defendant's removal was premised on the Brewers being citizens of Indiana, and State Farm being incorporated with its principal place of business in Illinois, and the amount in controversy exceeding $75,000 for each plaintiff. *See* Notice of Removal ("Notice") § IV. Plaintiffs have moved to remand to state court, contending that State Farm failed to establish both that the amount in controversy exceeded $75,-000 and that diversity of citizenship existed at the time the complaint was filed.

## Discussion

### A. Standard of Review

A case may be removed from state to federal court if it might have been brought originally in federal court; that is, if federal subject matter jurisdiction existed, based on either diversity of citizenship or federal question jurisdiction, removal is proper. *See Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993). A defect in the removal procedure or a lack of subject matter jurisdiction requires remand of the action to state court. *See id.* at 366. Furthermore, the propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand. *See People of the State of Illinois v. Kerr–McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir.1982).

### B. Removal and Proof of Amount in Controversy

When the court's subject matter jurisdiction is challenged, we first look to the face of the complaint to verify that the elements of diversity jurisdiction are satisfied. *See NLFC, Inc. v. Devcom Mid–*

America, Inc., 45 F.3d 231, 237 (7th Cir. 1995); *Reason v. General Motors Corp.,* 896 F.Supp. 829, 832 (S.D.Ind.1995); *Shaw,* 994 F.2d at 366. Inherent difficulties arise, however, when the basis for removal is challenged and the complaint omits the amount in controversy. *See Reason,* 896 F.Supp. at 832–33. In such cases, we look to evidence outside of the pleadings to establish the amount in controversy. *See Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427–28 (7th Cir.1997).

When jurisdiction is challenged, the party seeking federal jurisdiction bears the burden of proving that it exists. *See NLFC,* 45 F.3d at 237; *Reason,* 896 F.Supp. at 834. Thus, when the plaintiff challenges jurisdiction in a removed action, the defendant must respond with "competent proof" that subject matter jurisdiction exists. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *NLFC,* 45 F.3d at 237; *Reason,* 896 F.Supp. at 834; *Shaw* 994 F.2d at 366 n. 2. This burden requires the defendant to provide evidence of a reasonable probability that federal jurisdiction exists. *See NLFC,* 45 F.3d at 237; *Shaw,* 994 F.2d at 366 n. 2.[3]

For example, in *Reason,* the plaintiff contended that the amount in controversy had not been sufficiently established. *Id.* at 834. The defendants responded with citations to large verdicts for plaintiffs in cases involving generally the same claims and with plaintiff's settlement with another party. *See id.* The court said that it could not make useful comparisons on the basis of the cases presented by the defendant because the defendant failed to provide enough factual information to determine whether any similarities existed. *See id.* at 835. The complaint failed to estab-

---

**3.** The standard of competent proof required of a defendant when jurisdiction is challenged by the plaintiff in a removed action is not to be confused with the burden a defendant bears when challenging the court's jurisdiction over an action filed originally in federal

court, where "plaintiff's contentions will stand unless it appears to a legal certainty that the claim is actually worth less than the jurisdictional amount." *Shaw,* 994 F.2d at 366 n. 2.

lish the amount in controversy, providing only a vague description of the damages that the plaintiff claimed: "severe injuries, including ... injuries to her head and mouth, a broken nose, a broken left knee...." *Id.* The court concluded that while the factual assertions in the complaint established a possibility that the plaintiff's claim could satisfy the amount in controversy requirement, this possibility was too speculative to satisfy the reasonable probability standard. *See id.* Thus, the court held that the defendant failed to present competent proof of a reasonable probability that the amount in controversy requirement was satisfied. *See id.* at 834.

Similarly, in *King v. Wal–Mart Stores, Inc.,* 940 F.Supp. 213, 214 (S.D.Ind.1996), the plaintiff challenged the defendant's assertion that the amount in controversy requirement had been met in an action removed from state court. To support its removal position, the defendant relied on the plaintiff's complaint filed in state court, which alleged that plaintiff suffered "pain and injuries, ... incurred medical expenses," and expected to suffer additional pain in the future, although the complaint did not specify the amount in controversy. *Id.* at 216. The court found that the complaint's "general allegations surely [did] not facially constitute a dollar amount exceeding [the threshold requirement]." *Id.* The defendant also relied on the plaintiff's report of special damages of over $10,000, plaintiff's $50,000 settlement demand, and the demand for reimbursement of past and future lost wages. *See id.* at 217. The court remanded the action, holding that this evidence, taken together with the complaint, was still insufficient to provide competent proof of a reasonable probability that the jurisdictional amount in controversy had been met. *See id.*

In the case at bar, the Brewers' motion to remand, challenging this court's jurisdiction over the matter, triggers State Farm's duty to produce "competent proof of a reasonable probability" that we have subject matter jurisdiction over the Brew-

ers' claims. The Brewers' complaint does not allege a specific amount in controversy; thus, we turn to determine whether State Farm has presented additional, competent proof that the amount in controversy is satisfied. State Farm presented the following evidence to satisfy this burden: (1) plaintiff's insurance policy, (2) other cases and state laws regarding punitive damages, (3) other cases involving awards for emotional distress, and (4) plaintiffs' refusal to sign an agreement not to execute a judgment in excess of $75,000. *See* Def.'s Resp. As was true in *Reason* and *King,* we conclude that the evidence provided by State Farm demonstrates the possibility that the amount in controversy is satisfied, but that possibility is still too speculative to rise to the level of competent proof that jurisdiction is proper here.

The Brewers' insurance policy includes a medical payment provision capping benefits at $25,000 per person. *See* Policy. Although State Farm contends that this establishes that Count I is worth $25,000 to each plaintiff, *see* Def.'s Resp. at 2, the policy only shows how much the Brewers could recover under certain circumstances. Absent some indication of the actual value of the plaintiff's medical claims, the policy limits allow no conclusion as to value to be drawn. The Brewers allege that State Farm has the relevant documents in its possession, but State Farm has failed to produce any medical records, claim forms, or other documentation that might have established, to a reasonable probability, the amount actually recoverable in this case. *Cf. Harmon v. OKI Systems,* 902 F.Supp. 176, 178–79 (S.D.Ind.1995), (holding defendant's proffered evidence sufficiently concrete to establish a reasonable probability that the amount in controversy was satisfied where defendant relied on plaintiff's already incurred medical bills in excess of $55,000, lost wages in excess of $80,000, and a demand for punitive damages).

Similarly, State Farm argues that the Brewers' complaint constructively alleges

a claim for State Farm's breach of good faith and fair dealing, which they contend could support an award of punitive damages. *See* Def.'s Resp. at 4. Relying on Indiana Code § 34–51–3–4, which permits awards of punitive damages equaling the greater of $50,000 or three times the amount of compensatory damages awarded, State Farm triples the $25,000 amount discussed above to reach a potential $75,-000 punitive damages award. *See id.* Again, while this evidence convincingly establishes a cap on such damages, it is not competent proof that there is a reasonable probability that the evidence underlying this particular case would support any such award.

State Farm also contends that the Brewers' allegation of negligent infliction of emotional distress puts State Farm on notice of a claim for intentional infliction of emotional distress. *See id.* at 5. State Farm fixes a value of $25,000 on this claim, relying on an award in one other case. *See id.* at 6–7 (discussing *Schimizzi v. Illinois Farmers Ins. Co.*, 928 F.Supp. 760 (N.D.Ind.1996) (awarding $25,000 for emotional distress caused by an insurer's breach of their duty of good faith in handling a policy claim)). The evidence supporting a claim of emotional distress in that case may be similar to that suffered by plaintiffs in this case; however, State Farm failed to provide any evidence to allow a reasonable comparison. Furthermore, even if there is a reasonable probability that plaintiffs in this case would recover $25,000 for emotional distress, that amount is still insufficient to establish a reasonable probability that the $75,000 threshold is surpassed, even when combined with the other evidence presented.

Finally, State Farm offered to accept remand in exchange for the Brewers' agreement not to execute a judgment in excess of $75,000. *See* Def.'s Resp. at 7; Def.'s Resp., Ex. B. State Farm contends that the Brewers' refusal to accept this offer establishes their shared belief that the amount in controversy is, in fact, in excess of $75,000. *See id.* We cannot construe the Brewers' refusal in such a fashion. First, in considering the amount in controversy, we only assess evidence available at the time the petition for removal was filed. *See Chase,* 110 F.3d at 428. Once removal is perfected, "later filings [are] irrelevant." *In re Shell Oil,* 970 F.2d 355, 356 (7th Cir.1992) (discussing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The agreement in this case was not proposed by State Farm until well after State Farm removed the action to this court and is thus irrelevant to the determination of whether the amount in controversy is established.

Furthermore, if we were to consider the Brewers' decision to decline to enter into such a contract as evidence of the value of the action, State Farm's position would back future plaintiffs like the Brewers into a corner. A defendant wishing to limit its liability would need only to offer such an agreement. The plaintiff could either sign the agreement to remand to state court, limiting any damage awards to the stipulated amount, or the plaintiff could refuse to sign, constructively admitting that they are seeking more than the requisite amount in controversy and defeating plaintiff's own motion to remand. Allowing such agreements would violate the general rule that "once a case is successfully removed a plaintiff cannot do anything to defeat federal jurisdiction and force a remand." *Shaw,* 994 F.2d at 367–68.

In summary, we hold that State Farm has failed to provide competent proof to establish the threshold amount in controversy. The information supplied shows ceiling amounts recovered in the past for claims generally similar to those asserted by plaintiffs in this case; however, defendants do not provide sufficient factual information to allow an estimate of the amount of damages to be recovered under the claims in this particular case.

### C. Removal and Diversity of Citizenship

 The Brewers also allege that diversity of citizenship was not sufficiently established because the removal petition was based on the parties' citizenship at the time of removal, not at the time the complaint was filed. *See* Plaintiff's Motion to Remand at 6. State Farm has alleged the parties' citizenship, but failed to indicate that diversity was intact at the time of the filing of the complaint. Clearly, leave to amend the removal petition could be granted to correct this technicality, pursuant to 28 U.S.C. § 1653. A remand due solely to the defendant's failure to include the few additional words necessary to indicate that the citizenship of the parties as alleged existed at the time the complaint was filed would be "too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Camacho v. Cove Trader, Inc.,* 612 F.Supp. 1190, 1192 (E.D.Pa.1985); *Hendrix v. New Amsterdam Cas. Co.,* 390 F.2d 299, 301–02 (10th Cir.1968). In any event, allowing State Farm to amend the Notice of Removal to correctly allege diversity of citizenship would not overcome defendant's failure to establish the amount in controversy. Thus, we decline to grant defendant leave to amend the Notice of Removal.

### Conclusion

For the foregoing reasons, we lack subject matter jurisdiction over this matter due to State Farm's failure to provide competent evidence that the amount in controversy exceeds the required threshold of $75,000. Plaintiff's motion to remand the case to state court is *GRANTED.*