David M. BUSH, Plaintiff,

v.

ROADWAY EXPRESS,
INC., Defendant.

No. IP 00–0601.

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 12, 2001.

**1124**

Michael Schultz, Laudig George Rutherford & Sipes, Indianapolis, IN, for plaintiff.

Kevin D O'Rear, Baker & Daniels, South Bend, IN, Kevin S Smith, Baker & Daniels, Indianapolis, IN.

## ENTRY ON ORDER REMANDING CASE TO STATE COURT

BARKER, District Judge.

### I. *Background.*

The sole claim in this case is a *"Frampton"* claim under Indiana common law. The Plaintiff, David Bush, alleges that on March 12, 1998, his employer, Roadway Express, unlawfully discharged him from employment in violation of Indiana's public policy exception to employment at will in that the discharge was in retaliation for his having filed several Workers Compensation claims.

Mr. Bush originally filed his complaint in Marion County Circuit Court. Roadway removed the case from state court on April 12, 2000 alleging that this court had subject matter jurisdiction based on the diverse citizenship of the parties. 28 U.S.C. § 1332. In removing the case to this court, Roadway alleged that this "is a civil action wherein the amount in controversy exceeds the sum or value of Seventy–Five Thousand Dollars ($75,000) exclusive of interest and costs. . . ." Roadway based its statement of the jurisdictional amount on several allegations in Mr. Bush's complaint:

> Plaintiff states he seeks to recover past and future lost income and restitution of any forfeited employee benefits, general damages sufficient to compensate him for emotional distress, and exemplary or punitive damages. This amount would exceed the statutory minimum.

It appeared to us that these allegations were insufficient to establish diversity jurisdiction. Accordingly, on May 4, 2001, we ordered Roadway to show cause why this case should not be remanded to Marion County Circuit Court because it did not appear reasonably probable that $75,000 was in controversy depriving us of subject matter jurisdiction.

On June 4, 2001, Roadway filed a submission in response to the show cause order and supplemented it in another submission on June 5. We have carefully analyzed these submissions and conclude that Roadway has not satisfied its burden of showing that it is reasonably probable that $75,000 is in controversy in this matter. Accordingly, this case is remanded to Marion Circuit Court.

## II. *Analysis.*

 Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1316 (7th Cir.1997). Accordingly, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Board of Educ. v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), quoted in *Tylka v. Gerber Products Company,* 211 F.3d 445, 448 (7th Cir.2000).

 Where, as here, the amount in controversy is at issue, "the party seeking the federal forum has the burden of coming forward with 'competent proof' to establish at least a 'reasonable probability' that the amount in controversy requirement is satisfied." *King v. Wal–Mart Stores,* 940 F.Supp. 213, 216 (S.D.Ind.1996). *See NLFC, Inc. v. Devcom Mid–America, Inc.,* 45 F.3d 231, 237 (7th Cir.1995), *cert. denied,* 515 U.S. 1104, 115 S.Ct. 2249, 132 L.Ed.2d 257 (1995); *Shaw,* 994 F.2d at 366–67 n. 2. (7th Cir.1993); *Reason v. General Motors Corp.,* 896 F.Supp. 829 (S.D.Ind.1995); *Harmon v. OKI Systems,*

902 F.Supp. 176, 178 (S.D.Ind.1995), affirmed 115 F.3d 477 (7th Cir.1997). A defendant seeking removal must meet that burden by a preponderance of the evidence. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993); *Workman v. United Parcel Serv.,* 234 F.3d 998, 999 (7th Cir.2000).

 The governing statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As this Court noted in *Brewer v. State Farm Mutual Automobile Insurance Company,* 101 F.Supp.2d 737, 739 (S.D.Ind.2000): "A defect in the removal procedure or a lack of subject matter jurisdiction requires remand of the action to state court. Furthermore, the propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand."

 Ordinarily, where the plaintiff files in federal court based on diversity jurisdiction, the complaint's good faith allegations of jurisdiction will govern. *NLFC, Inc.,* 45 F.3d at 237. Problems may arise, however, where, as here, the plaintiff makes no mention of an amount in controversy[1] and the defendant removes the case to federal court. *Reason v. General Motors Corp.,* 896 F.Supp. 829, 830 (S.D.Ind.1995); *Oder v. Buckeye State Mut. Ins.,* 817 F.Supp. 1413 (S.D.Ind.1992).

 It is well settled that a determination as to whether the $75,000 minimum is actually in controversy is made at the time of the removal. *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992). Once jurisdiction vests, subsequent events that

---

1. We do not fault the plaintiff on this score. Indiana law forbids a plaintiff alleging personal injury or punitive damages from stating an amount in controversy. Indiana Trial Rule, 8(A)(2). *See Wethington State Farm Mu-*

*tual Automobile Insurance Company,* 2000 WL 1911886 (S.D.Ind.2000), slip op., p. 2; *Reason v. General Motors Corp.,* 896 F.Supp. 829, 830 (S.D.Ind.1995).

reduce the amount in controversy to an amount less than $75,000 will not ordinarily divest the Court of jurisdiction. *Grinnell Mutual Reinsurance Co. v. Shierk,* 121 F.3d 1114, 1116 (7th Cir.1997). In attempting to show the $75,000 minimum, Roadway was not restricted to evidence that was on the record at the time of removal. It could have used evidence discovered *after* removal to establish the jurisdictional amount, so long as the evidence pertained to the jurisdictional amount *at the time of* removal. As the Seventh Circuit noted: "The test should simply be whether the evidence sheds light on the situation which existed when the case was removed ." *Harmon v. OKI Systems,* 115 F.3d 477, 479–480 (7th Cir.1997) (permitting defendant to use information gathered during two years of discovery to establish jurisdictional amount at the time of removal). *See Creel v. Fortis Benefits Insurance Company,* 2000 WL 1231558 (S.D.Ind.2000), slip op. p. 2.

█ As previously noted, Roadway removed this case from state court and invoked this court's federal diversity jurisdiction. 28 U.S.C. § 1332. In doing so, it alleged that the amount in controversy exceeds $75,000. Since it did not appear on the face of the removal papers that this court had jurisdiction to a "reasonable probability," Roadway was ordered to show cause why the case should not be remanded to Marion County Circuit Court. Roadway's response to the show cause order, relying on Plaintiff's Answers to Interrogatories, showed that Mr. Bush earned $48,000 from Roadway in 1997 and that he earned at a rate of $1,250 per week from Roadway in 1998. It concluded that, if Mr. Bush earned nothing from other employment after his termination from

Roadway, then his back pay alone could amount to between $96,000 and $130,000, well above the jurisdictional minimum.

█ But in making its case for jurisdiction, Roadway neglected evidence showing that Mr. Bush had interim earnings after his termination by Roadway. Plaintiff's Answers to Interrogatories reflect that he earned $29,248 in 1998 and $47,794 in 1999. Although the record is not complete, we can deduce that Mr. Bush earned $78,000 between his termination on March 12, 1998 and Roadway's removal of this case on April 12, 2000.[2] In other words, if we consider as mitigation the amount Mr. Bush earned after he was terminated by Roadway, the amount in controversy—*at the time of removal*—was (using defendant's considerations) as little as $18,000 or as much as $52,000, well below the jurisdictional minimum of $75,000. The question arises: must we consider the amounts that Mr. Bush earned and reduce the amount in controversy by his earnings? The only courts that have addressed the issue have held that we must and we regard their reasoning as sound.

█ First, it is well settled that a plaintiff in an employment case has a legal duty to mitigate damages by making a diligent effort to find reasonably comparable employment. *Savino v. C.P. Hall Co.,* 199 F.3d 925, 934 (7th Cir.1999); *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 954 (7th Cir.1998). Second, Title VII provides that "interim earnings"—including amounts earned in mitigation of damages as well as amounts not earned because the plaintiff failed to mitigate—must be deducted from any back pay award. 42 U.S.C. § 2000e–5(g)(1) ("Interim earnings or amounts earnable with reasonable diligence by the

---

2. Mr. Bush stated in his Answers to Interrogatories that, from the day he was fired until October 3, 2000 (the date he answered the Interrogatories and six months after removal), he had lost $122,632.00 in back pay from Roadway, but had earned $107,069.63 from other employment. Accordingly, he alleged back pay losses of only $15,000.

person or persons discriminated against shall operate to reduce the back pay otherwise allowable."). *See EEOC v. Ilona of Hungary, Inc.*, 97 F.3d 204, 216 (7th Cir. 1996); *Chesser v. State of Illinois*, 895 F.2d 330, 337 (7th Cir.1990). These legal premises have led several courts to conclude that amounts a plaintiff has actually earned by way of mitigation must be deducted from the amount in controversy and thus to remand cases for lack of subject matter jurisdiction. *Terry v. Service Corp., of America*, 990 F.Supp. 476, 477 (N.D.Miss.1997); *Birkenbuel v. M.C .C. Construction Corp.*, 962 F.Supp. 1305, 1306 (D.Mont.1997).

There is nothing speculative about the $78,000 that Mr. Bush earned. The record before us shows that he earned at least that amount as of April 12, 2000 (the date of removal). In addition, contrary to Roadway's argument, the deduction of that amount from the amount in controversy does not depend upon Roadway asserting and proving that Mr. Bush failed to mitigate his damages. Whether we call it "mitigation of damages" or simply "interim earnings," the fact is Mr. Bush *did* earn money from employment after his termination and before Roadway removed this case, and those earnings will, by express operation of Title VII, be deducted from any amount of back pay that a jury might award.

But this reduction in the amount in controversy relates solely to back pay. What about defendant's evidence of other amounts in controversy? Roadway presents no other evidence of amounts that might be in controversy. It alleges in a conclusory manner that, if a jury were to believe Mr. Bush's story, "there is a reasonable probability that the jury would award punitive damages against Roadway." Def. Response, ¶ 19. This conclusory assertion will not suffice; even if it did, there is reason to doubt its

accuracy. Although the Seventh Circuit has held that the possibility of winning punitive damages may be considered for purposes of determining the jurisdictional amount, *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir.1996) in *Wethington v. State Farm Automobile Insurance Co.*, 2000 WL 1911886 (S.D.Ind. 2000), Judge Tinder addressed at some length the difficulty a plaintiff has in proving his entitlement to punitive damages under Indiana law. For one thing, the plaintiff must present "clear and convincing evidence" that the defendant acted with "malice, fraud, gross negligence or oppressiveness which was not the result of mistake of fact or law, honest error in judgment, over zealousness, mere negligence, or human failing." Slip op. p. *6, quoting *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515 (Ind.1993). For another, a defendant charged with punitive damages "is cloaked with the presumption that his actions, though tortious, were nevertheless noniniquitous human failing." *Id.*, quoting *Budget Car Sales v. Stott*, 656 N.E.2d 261, 266 (Ind.Ct.App.1995), *trans. den.*

We note further that cases offering considerably more evidence of the amount in controversy have been remanded to state court. In *King v. Wal–Mart Stores*, 940 F.Supp. 213, 216–217 (S.D.Ind.1996), the Court remanded a case in which the defendant had alleged in support of removal that the plaintiff claimed "pain and injuries," "incurred medical expenses," and expected to suffer additional pain in the future. The defendant also relied on the plaintiff's report of special damages of over $10,000, plaintiff's $50,000 settlement demand, and the demand for reimbursement of past and future lost wages. Considered together, these allegations did not constitute competent proof of a reasonable probability that the jurisdictional amount in controversy had been satisfied. Similarly, *Brewer v. State Farm Mutual Automobile*

*Insurance Company,* 101 F.Supp.2d 737, 739 (S.D.Ind.2000) was remanded notwithstanding State Farm's offerings of: plaintiff's insurance policy; other cases and state laws regarding punitive damages; other cases involving awards for emotional distress; and plaintiff's refusal to sign an agreement not to execute a judgment in excess of $75,000. *Also see Reason v. General Motors Corp.,* 896 F.Supp. 829, 830 (S.D.Ind.1995).

In conclusion, we hold that there is insufficient evidence to establish that at least $75,000 is in controversy in this matter. Accordingly, on our own motion, we remand this cause to Marion County Circuit Court.